A98A0407. GRIMES v. THE STATE.
(500 SE2d 609)

ELDRIDGE, Judge.

Appellant Anthony Grimes was charged in a six-count indictment with the offenses of aggravated sexual battery under Count 1; aggravated assault under Count 2; aggravated stalking under Count 3; battery under Count 4; and two misdemeanor counts of simple battery under Counts 5 and 6. A DeKalb County jury found appellant guilty of the lesser included misdemeanor offense of simple battery under Count 1; the lesser included misdemeanor offense of simple assault under Count 2; and the two misdemeanor offenses of simple battery under Counts 5 and 6. Appellant was acquitted of aggravated stalking and battery under Counts 3 and 4. He appeals, and we affirm his convictions.

1. On two specific grounds, appellant challenges the sufficiency of the evidence to support his convictions.

First, appellant contends that under the evidence produced at trial, either he was guilty of the felony offenses of aggravated assault and aggravated sexual battery as the state's evidence showed, or he was guilty of nothing because he denied the felonious acts ever occurred. Thus, appellant argues, since the jury found him "not guilty" of the felony offenses, the evidence was insufficient to support the jury's determination that he is guilty of the lesser included misdemeanor offenses. We disagree.

Notably, by arguing that the state's evidence made out the felony offenses, appellant has conceded that the evidence supports conviction on the lesser *included* misdemeanor offenses. OCGA § 16-1-6; see *Pryor v. State*, 238 Ga. 698, 700-701 (234 SE2d 918) (1977). However, even without such concession, an "acquittal" on a greater offense does not preclude a jury's determination that a defendant is guilty as to the lesser included offense. *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996). "There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter." *McCrary v. State*, 252 Ga. 521, 523 (314 SE2d 662) (1984). In this case, the evidence shows that the misdemeanor offenses of simple battery and simple

assault were included in the greater offenses of aggravated sexual battery and aggravated assault as a matter of fact; appellant requested jury charges on the lesser included offenses, and the trial court gave the appellant's requested charges. This was an issue for the jury.

Second, appellant alleges that the testimony of the state's witnesses regarding the simple battery offenses under Counts 5 and 6 show that they had "clearly discussed and planned this testimony, and it should be of no probative value therefore." Such argument is directed to the believability of the witnesses who testified against appellant. "On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." (Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Herein, taking the victim's testimony as true, as we must, the 156 pages of the victim's testimony outlining in detail appellant's physical attacks upon her contain sufficient evidence for a rational trier of fact to conclude that appellant is guilty beyond a reasonable doubt of the three counts of misdemeanor simple battery and the one count of misdemeanor simple assault for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bryant v. State*, 226 Ga. App. 135, 136 (1) (486 SE2d 374) (1997).

2. We find no error in the admission of the state's evidence of five incidents of prior difficulty between the appellant and the victim. Each of the five incidents occurred successively within a nine-month period leading up to the indicted offenses. These incidents involved acts of physical violence or specific threats of physical violence toward the victim that serve to illuminate the nature of the defendant's course of conduct with and relationship to the victim. *Sheppard v. State*, 267 Ga. 276, 278 (476 SE2d 760) (1996). The five incidents of prior violence toward the victim lead logically and in steady progression to the acts of violence against the victim for which appellant was indicted and lend "some link of association, something which draws together the preceding and subsequent acts, something which gives color of cause and effect to the transaction, and sheds light upon the motive of the parties." *Maxwell v. State*, 262 Ga. 73, 75 (414 SE2d 470) (1992). As was noted by Supreme Court Justice Hunt, "[w]hat is true in this case is generally true with all cases involving prior difficulties between a victim and a defendant. The history of their relationship is of whole cloth woven of the many threads of dependent, connected actions and incidents that occurred between them. In short, evidence concerning prior difficulties they have experienced in their relationship is relevant." *Stewart v. State*, 263 Ga. 843, 849-850

(440 SE2d 452) (1994) (Hunt, P. J., dissenting). There was no error in the admission of this evidence.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 30, 1998 —
RECONSIDERATION DENIED APRIL 10, 1998.

*Lynch, Spears & Shuman, John H. Tarpley*, for appellant.
Anthony Grimes, *pro se*.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Melissa L. Himes, Keith E. Adams, Assistant District Attorneys*, for appellee.