## A03A1300. BENTON v. THE STATE.
(588 SE2d 267)

BLACKBURN, Presiding Judge.

Following a jury trial, Calvin Benton appeals his conviction for armed robbery, contending that: (1) the trial court violated his constitutional rights by deciding, while Benton was not present in the

---

courtroom, how to respond to a question regarding the nature of the verdict presented by the jury during its deliberations; (2) trial counsel rendered ineffective assistance; and (3) the trial court erred by denying Benton's post-verdict motion to release juror information. Because the verdict issued by the jury in this case was illegal, we must reverse.

As an initial matter, we note that Benton failed to enumerate on appeal the issue concerning the legality of the verdict issued by the jury. Ordinarily, the failure to enumerate issues on appeal constitutes a waiver. See, e.g., *Lynd v. State*.[1] The error in this instance, however, was of such nature and magnitude as to constitute a plain error, evident on the face of the record, which an appellate court can take notice of sua sponte. "Plain error is that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding." (Punctuation omitted.) Id. at 61, n. 2. Thus, because the issuance of an illegal verdict in this case was clear error, we address this matter herein.

The record reveals that, after deliberations had begun, the jury foreman conveyed a note to the judge asking if the jury was permitted to "ask for leniency with a guilty verdict." The trial court decided not to answer the jury's question, but instead issued a note in reply, asking: "[d]oes the jury have a verdict?" When the foreman responded "yes," the attorneys, Benton, and the jury were brought into the courtroom, and prior to hearing the verdict, the trial court, expecting a legal verdict, told the jurors:

> We will receive the verdict. My response to your question is that the court will hear whatever you wish to say, but you must keep in mind the instruction that I gave you actually three times, in the preliminary instructions and then twice after the trial. That is that your concern is solely the guilt or innocence of the defendant. But I will hear from you.

The trial court then published the verdict, which read: "We, the jury, find the defendant guilty, with leniency." The court next solicited objections to form, received none, and, unilaterally reforming the illegal verdict into a legal one, announced that "the finding is guilty."

This was not the proper procedure to follow in this case. To the contrary,

> [T]he proper procedure . . . is for the trial court and counsel to review the verdict prior to its publication in open court,

---

[1] *Lynd v. State*, 262 Ga. 58, 60 (8) (414 SE2d 5) (1992).

and if the verdict is not proper in that it finds the defendant guilty of an offense with regard to which the trial court did not instruct the jury, the trial court should return the jury for further deliberation with direction to return a verdict within the range of the instructions originally given to it.

*State v. Freeman.*[2]

The same procedure must be followed where, as here, the jury's verdict is otherwise illegal because it is inextricably intertwined with the jury's recommendation regarding the defendant's punishment, which the jury was appropriately instructed that it should not consider when determining guilt or innocence. Because this procedure was not followed, however, we are compelled to reverse.

We note that, had the evidence before us shown that the jury's determination of guilt was made separately from its decision to request leniency, reversal would not have been necessary. For example, if the jury had issued a verdict of guilty and, after the verdict had been accepted and entered by the trial court, the jury made a separate request for leniency, this matter might have been decided differently. In such a case, the jury's request for leniency, though inappropriate, would not, on its face, result in an illegal verdict.

We need not reach the enumerations raised by Benton, as our decision above renders them moot.

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 24, 2003 — 

*Jonathan R. Melnick*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Daniel M. Hirsh, Assistant District Attorneys*, for appellee.

