S04G0153. THE STATE v. BENTON.
(604 SE2d 169)

SEARS, Presiding Justice.

We granted certiorari in this case to consider whether the Court of Appeals correctly held that the jury's verdict of "guilty with

leniency" rendered the verdict illegal and to consider whether, if it did, the "plain error" rule applied to avoid waiver of the issue of the verdict's legality.[1] For the reasons that follow, we conclude that the verdict was not illegal, and we thus do not need to address the issue of plain error. Because we conclude that the verdict was not illegal, we must reverse the judgment of the Court of Appeals.

The appellee, Calvin Benton, was tried for armed robbery. On three occasions during the trial,[2] the trial court instructed the jury that its sole function was to determine Benton's guilt or innocence; that it was not to concern itself "in any way" with the sentence Benton would receive if the jury found him guilty; and that, if the jury found Benton guilty, it was exclusively the duty of the court to determine his sentence. The jury became deadlocked while it was deliberating, and the trial court gave the jury an *Allen* charge. After an unknown period of time after the *Allen* charge, the jurors sent a note to the judge asking if they could ask for leniency with a guilty verdict. The court did not answer the question, but sent back a note asking if the jury had a verdict. The jury answered that it did. However, before the trial court accepted the verdict, it reminded the jurors that the court had charged the jurors on three occasions that their concern was solely with the guilt or innocence of Benton, and it told them again that that was their sole concern. The jury returned a verdict of "guilty with leniency." Benton did not object to the verdict, and the trial court announced that the verdict is "guilty." The jury was then polled, with all jurors affirmatively stating that this was their verdict in the jury room and at the time of the polling.

Benton appealed to the Court of Appeals, and did not enumerate the legality of the verdict as error. The Court of Appeals, however, reversed on the ground that the verdict was illegal due to the language regarding leniency, that the illegality of the verdict constituted plain error, and that the trial court should have returned the jury for further deliberations with directions to follow the court's instructions.[3] We subsequently granted the State's petition for certiorari.

The State contends that the Court of Appeals erred in reversing the appellee's conviction because the words "with leniency" were mere surplusage and did not affect the validity of the jury's finding of guilt. For the reasons that follow, we agree.

---

[1] *Benton v. State*, 263 Ga. App. 363 (588 SE2d 267) (2003).

[2] The instructions occurred during the court's preliminary instructions to the jury, during it main charge to the jury, and during a recharge to the jury.

[3] *Benton*, 263 Ga. App. at 364-365.

Generally, a jury's recommendation of leniency is considered mere surplusage and "does not affect the validity of the verdict. See *Rogers v. United States*, 422 U. S. 35, 38 (95 SC 2091, 45 LE2d 1) (1975)."[4] However, there is an exception to this rule when "the circumstances of the jury's recommendation [of leniency] cast doubt upon the unqualified nature of the verdict."[5] As an example of the exception, courts have concluded that when a jury asks a trial court if it may recommend leniency and the trial court responds that it can, and the jury shortly thereafter returns a verdict of guilty with a recommendation of leniency, the unqualified nature of the verdict is in doubt, as the judge's response may have induced the jury to reach a unanimous verdict.[6]

In the present case, several factors lead us to conclude that the verdict was unqualified. First, the trial court instructed the jury three times before deliberations began that it was not to concern itself with punishment and that punishment was the exclusive province of the trial court. Moreover, the trial court never instructed the jury that it could recommend leniency, and thus did not give the jury any expectation that a recommendation of leniency would have some effect on Benton's punishment. Presuming, as we must, that the jury followed the trial court's instructions,[7] we must conclude that the jury understood that whatever verdict it returned would have no effect upon the punishment that the court decided to impose on Benton. This factor militates against the conclusion that a juror who may have been hesitant to find Benton guilty would have done so based upon a belief that Benton would receive leniency from the court due to the jury's recommendation. In addition, the fact that, before receiving the verdict, the trial court reminded the jurors that their sole concern was guilt or innocence buttresses the conclusion that the jurors did not give improper consideration to leniency in reaching the verdict. Furthermore, the trial court announced the verdict as "guilty" and not as "guilty with leniency," and, immediately after announcing the verdict as "guilty," the trial court polled the jurors and asked them whether "this" verdict was their verdict. All the jurors responded that it was, and no juror qualified the guilty verdict by referring to the request for leniency. We conclude that all of the foregoing factors are sufficient to overcome the one factor — that the jury returned its

---

[4] *United States v. Austin*, 231 F3d 1278, 1282 (10th Cir. 2000). Accord *United States v. Ailsworth*, 138 F3d 843, 846 (10th Cir. 1998), cert. denied, 525 U. S. 896 (119 SC 221, 142 LE2d 181) (1998); *People v. McAlister*, 513 NW2d 431, 435 (Mich. Ct. App. 1994); *Chambers v. State*, 650 A2d 727, 729-730 (Md. Ct. App. 1994); *State v. Smith*, 461 S2d 434, 437 (La. Ct. App. 1984).

[5] *Ailsworth*, 138 F3d at 846; *Rogers*, 422 U. S. at 38; *Austin*, 231 F3d at 1282.

[6] See *Rogers*, 422 U. S. at 40; *United States v. Glick*, 463 F2d 491, 492-494 (2nd Cir. 1972).

[7] *Allen v. State*, 277 Ga. 502, 504 (591 SE2d 784) (2004).

verdict after the *Allen* charge — that militates toward the conclusion that the verdict might have been qualified by the request for leniency.

For the foregoing reasons, we conclude that the verdict in this case was not illegal, and we reverse the Court of Appeals's decision to the contrary.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Jeffrey H. Brickman, District Attorney, Daniel M. Hirsh, Robert M. Coker, Assistant District Attorneys*, for appellant.
*Jonathan R. Melnick*, for appellee.