A03A1300. BENTON v. THE STATE.
(609 SE2d 163)

BLACKBURN, Presiding Judge.

Calvin Benton appeals his conviction for armed robbery, arguing that the court erred in failing to release juror information post-trial

and in failing to have Benton present when deciding how to respond to a jury question. We hold that the court properly denied the motion to release juror information and committed only harmless error when, in response to a jury question, it sent (after discussing such with counsel but without the defendant present) a note asking whether the jury had reached a verdict. Accordingly, we affirm.

Construed in favor of the verdict, the evidence shows that, brandishing guns, Benton and a cohort robbed a liquor store of approximately $500; the robbery was recorded on videotape. Both soon were apprehended separately in the area, with $500 being found on Benton. Charged with armed robbery, Benton successfully moved to sever his trial from that of his cohort. At trial, Benton testified that his cohort coerced him into committing the robbery. Benton's first trial resulted in a mistrial. The cohort's trial resulted in a conviction, which we affirmed. *Williams v. State*.[1] In Benton's second trial, the jury returned a verdict of "Guilty, with leniency."

In our first consideration of his appeal to this Court, we reversed, holding that the "Guilty, with leniency" verdict was illegal. *Benton v. State*.[2] The Supreme Court of Georgia disagreed and reversed our decision. *State v. Benton*.[3] Thus, we vacate our prior *Benton* decision and adopt the Supreme Court's opinion as our own. Furthermore, we address the remaining two enumerations of error raised by Benton and, as set forth below, conclude that they lack merit. Accordingly, we affirm.

1. In a post-trial motion, Benton asked the court to release juror information so that he could interview jurors to investigate the possibility of juror misconduct. Benton argued that during deliberations, one juror improperly spoke with a spouse of a district attorney employee about what would happen if the jury were hung.

Evidence showed that during a break in deliberations, the juror in question phoned the spouse of a member of the district attorney's office to inform that spouse that the juror would be unable to join her at a tennis match due to jury duty. While deliberations continued, the prosecutor immediately brought this conversation to the attention of Benton and of the trial court. Finding the conversation benign, Benton's counsel raised no objection to the juror's continuing in the jury deliberations. After the jury returned its verdict, Benton's counsel cross-examined the juror on the record about the juror's allegedly not raising her familiarity with a member of the district attorney's office during voir dire and about the phone conversation with the

[1] *Williams v. State*, 254 Ga. App. 8 (561 SE2d 149) (2002).

[2] *Benton v. State*, 263 Ga. App. 363, 365 (588 SE2d 267) (2003).

[3] *State v. Benton*, 278 Ga. 503, 506 (604 SE2d 169) (2004).

spouse. The juror stated she did raise her familiarity during voir dire. Regarding the phone conversation, counsel inquired whether the juror asked the spouse about the ramifications of a hung jury or otherwise discussed the case; the juror responded that no such inquiry or discussion took place. Counsel raised no further objection.

Benton's appellate counsel then moved the trial court to release juror information so that she could investigate possible juror misconduct arising out of the conversation. Noting that Benton's trial counsel had already investigated the matter, the trial court decided to employ a less intrusive means and sent out to the jurors a questionnaire which asked about possible misconduct in deliberations, including any extrajudicial information considered. Cf. *Wright v. State*[4] (juror testimony only admissible to show that extrajudicial and prejudicial information was brought to the jury's attention improperly or that a nonjuror interfered with the jury's deliberations). Finding no evidence of misconduct based on the results of the questionnaire, the court denied the motion to release juror information.

Benton's appeal of this ruling fails for two reasons. First is waiver. Benton's trial counsel had notice of the potential misconduct and of the juror's acquaintance in the district attorney's office prior to the verdict being rendered, but nevertheless raised no objection to the verdict. Indeed, in her own words, she "waived" any objection based on her understanding that the conversation involved no discussion of the case. When after the verdict Benton's counsel cross-examined the juror about the acquaintance and about the conversation, counsel was again satisfied that no misconduct had occurred, as she again raised no objection nor moved for any mistrial. Clearly the matter was waived.

Second, appellate counsel's attempt to then replow the same furrow by confronting released jurors post-trial was unnecessary. The trial court's compromise in sending out a questionnaire to test the accuracy of the juror's testimony that no extrajudicial information came into the deliberations was more than reasonable and well within its discretion, especially to avoid measures more invasive to released jurors. We hold that, based on the lack of any evidence showing misconduct, the trial court justifiably denied the release of juror information to Benton.

2. In his second enumeration, Benton contends that the court erred in failing to have the parties present when responding to a jury question, for such deprived his counsel of the opportunity to object to the court's response and to ask for additional instructions to the jury.

---

[4] *Wright v. State*, 233 Ga. App. 358, 361 (2) (504 SE2d 261) (1998).

Because counsel was indeed present, and because the court did not answer the question but merely responded with its own innocuous question, any error in not having Benton present was harmless.

Construed in favor of the court's ruling, the record shows that during its second full day of deliberations, the jury sent the court a note that asked: "Can the jury ask for leniency with a guilty verdict?" The court met with counsel for all parties to discuss the court's anticipated response of "Does the jury have a verdict?" Benton himself was apparently absent from this meeting. The court then forwarded its question via note to the jury, with the jury then responding on the note, "Yes." The court had the jury return to the courtroom, and with all present (including Benton), the court announced to the jury that the court would receive the verdict, but that the jury had to keep in mind the instruction given three times that the jury's concern was solely the guilt or innocence of the defendant. The jury foreman read the verdict as "Guilty, with leniency." The court declared that the finding was guilty and, at Benton's request, polled the jury. No objections were raised.

Benton's complaint is that he was not present at the time the court discussed with counsel its intent to not answer the question but to simply ask the jury whether they had reached a verdict. He points to *King v. State*,[5] which held that "[a] criminal defendant has the right to be present during all portions of his or her trial, and a defendant's absence during a critical stage of those trial proceedings, absent a waiver of the defendant's right to be present, is not subject to the harmless error analysis."

According to the Supreme Court of Georgia, "a critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." (Punctuation omitted.) *Huff v. State*[6] (charge conference is not a critical stage). As in *Woodward v. State*,[7] Benton does not identify how this brief conference with counsel was a critical stage or how it substantially affected the case. Thus, we apply a "harmless error" analysis.

Cases with similar facts have consistently held that such an action by the trial court in the defendant's absence is harmless error. In *Berryhill v. State*,[8] the sentencing jury sent the trial court a question (whether they could sentence the defendant to life without

[5] *King v. State*, 273 Ga. 258, 264 (15) (539 SE2d 783) (2000).

[6] *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001).

[7] *Woodward v. State*, 262 Ga. App. 363, 368 (3) (585 SE2d 687) (2003).

[8] *Berryhill v. State*, 235 Ga. 549, 554 (12) (221 SE2d 185) (1975).

possibility of parole), to which the court responded by having the bailiff tell the jury that the court could not answer that question. The entire episode occurred without the presence of the defendant or his counsel. Id. The Supreme Court of Georgia concluded: "Although all communications with the jury are to be discouraged except in open court with all persons present, the communication here did not amount to an instruction or charge to the jury and no reversible error is shown." Id. *Berryhill* emphasized that the trial court did not actually answer the jury's inquiry but merely refused to answer the inquiry. Id.

Similarly, the trial court in our case did not actually answer the jury's question but rather just asked a new question — whether the jury had reached a verdict. Accordingly, the communication to the jury did not amount to an instruction or charge to the jury, and thus no harmful or reversible error is shown here either. See *Thacker v. State*[9] (in response to jury's request for information about parole, judge had bailiff inform jury that the judge could tell them nothing about parole; since this was not an instruction or charge to the jury, it was harmless error for this to occur in defendant's and his counsel's absence).

*Smith v. State*[10] described this harmless error analysis another way:

> We have held that when a trial court improperly communi-cates with the jury outside the defendant's presence, the error can be harmless if the communication did not materi-ally affect the outcome of the case or if it did not prejudice the defendant by, for example, hastening a verdict against him or inducing jurors who might be inclined favorably toward the accused to yield their convictions.

(Footnote omitted.) Thus, *Smith* held that an instruction to the jury (in response to their inquiry) on how to record their verdict was harmless, even though done in the absence of defendant and his counsel. Id. The court reasoned that because the jury had already reached their verdict, "there is no reasonable probability that the trial court's note prejudiced Smith." Id. Similarly, the jury here had already reached their verdict at the time the court asked if a verdict had been reached, and thus the court's communication was harmless.

---

[9] *Thacker v. State*, 226 Ga. 170, 180 (11) (173 SE2d 186) (1970), vacated in part on other grounds, 408 U. S. 936 (92 SC 2861, 33 LE2d 753) (1972).

[10] *Smith v. State*, 272 Ga. 874, 876 (2) (536 SE2d 514) (2000).

See *Burtts v. State*[11] (communication to jury was harmless error where the nature of the communication did not hasten the verdict against defendant or cause jurors to yield their convictions); *Logan v. State*[12] (communication with jury harmless where it neither materially affected defendant's case nor provided a causal link to the verdict). See also *Buckner v. State*[13] (telling jury that they could not have a copy of the transcript was harmless communication); *Brown v. State*[14] (same).

Finally, the Supreme Court of Georgia determined that under the circumstances, the "Guilty with leniency" verdict was not illegal. *State v. Benton*, supra at 506. Thus, the trial court's decision to not respond to the jury's question but to simply ask the jury whether they had reached a verdict — which they had — did not prejudice Benton. The lack of any harm also defeats Benton's alternate "ineffective assistance" claim that his counsel should have objected to the verdict. See *Johnson v. State*[15] (to show ineffective assistance, defendant must show that counsel's actions prejudiced him).

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 6, 2005.

*Jonathan R. Melnick*, for appellant.
*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Daniel M. Hirsh, Assistant District Attorneys*, for appellee.

---

[11] *Burtts v. State*, 269 Ga. 402, 403 (3) (499 SE2d 326) (1998).
[12] *Logan v. State*, 266 Ga. 566, 568 (2) (468 SE2d 755) (1996).
[13] *Buckner v. State*, 253 Ga. App. 294, 296 (2) (558 SE2d 823) (2002).
[14] *Brown v. State*, 237 Ga. App. 231, 234-235 (3) (517 SE2d 529) (1999).
[15] *Johnson v. State*, 257 Ga. App. 30, 31 (570 SE2d 344) (2002).
[1] *Thompson v. Thompson*, 278 Ga. 752 (605 SE2d 30) (2004).
[2] *Thompson v. Thompson*, 264 Ga. App. 628 (591 SE2d 494) (2003).