## A05A2123. IN THE INTEREST OF L. A. N., a child.
### (623 SE2d 682)

JOHNSON, Presiding Judge.

A delinquency petition was filed in juvenile court alleging that 13-year-old L. A. N. had violated the fornication statute, OCGA § 16-6-18, by having sexual intercourse with her 17-year-old step-brother. L. A. N.'s attorney filed a general demurrer claiming that the fornication statute has been held to be unconstitutional. The juvenile

---

[1] We granted Caputo's application for an interlocutory appeal.

court granted the general demurrer and dismissed the petition, finding that the Supreme Court, in the case of *In re J. M.*,[1] has declared the statute to be unconstitutional. The state appeals.

1. The state asserts that the juvenile court erred in finding the statute to be unconstitutional based on *In re J. M.* We agree that the juvenile court erred because the instant case is materially different from *In re J. M.*

Contrary to the juvenile court's ruling, the Supreme Court did not strike down the fornication statute as unconstitutional in *In re J. M.* Rather, the Court reversed a juvenile court adjudication of delinquency for an alleged violation of OCGA § 16-6-18 because the statute, under the circumstances of that case, infringed on the juvenile's state constitutional right of privacy.[2] Critical to the Court's decision was the fact that the juvenile and his girlfriend were both 16 years old at the time they had sexual intercourse.

At the outset of its analysis of whether the juvenile's right to privacy had been violated, the Court stated that its decision was controlled by the constitutional rule that Georgia's right to privacy "prohibits the State from criminalizing 'private, unforced, non-commercial acts of sexual intimacy between persons *legally able to consent.*' "[3] The Court then stated that both the juvenile and his girlfriend were 16, the age at which they could legally consent to sexual intercourse.[4] The Court further found that "the legal capacity to decide whether to engage in sexual intercourse is one of the critical elements in determining whether Georgia's right to privacy protects sexual conduct."[5]

In the instant case, that critical element is missing because L. A. N. was only 13 years old at the time of the alleged sexual intercourse. Thus, unlike the 16-year-olds in *In re J. M.*, she did not have the legal capacity to decide whether to engage in sexual intercourse. Because that critical element of being legally able to consent is missing in this case, we cannot say that the sexual conduct in question is protected by the state constitutional right to privacy. Instead, we are compelled to conclude that this case is materially distinguishable from *In re J. M.* and that the fornication statute, as applied to the underage L. A. N., did not violate any constitutional privacy right. The juvenile court therefore erred in finding the statute to be unconstitutional and in dismissing the petition.

---

[1] 276 Ga. 88 (575 SE2d 441) (2003).

[2] Id. at 90-91 (3).

[3] (Footnote omitted; emphasis supplied.) Id. at 89 (1).

[4] Id. at 89 (2).

[5] (Footnote omitted.) Id. at 90 (3).

2. Because of our holding in Division 1, we need not address the state's other argument that the juvenile court erred in considering the general demurrer because it did not meet the procedural demands of bringing a constitutional challenge.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

D<span style="font-variant:small-caps">ECIDED</span> N<span style="font-variant:small-caps">OVEMBER</span> 18, 2005.

*Tommy K. Floyd, District Attorney, Thomas L. Williams, Assistant District Attorney*, for appellant.

*Glaze, Harris & Mack, Robert L. Mack, Jr.*, for appellee.