A07A1670. ENGLE v. THE STATE.
(659 SE2d 795)

ADAMS, Judge.

Gregory Heath Engle was convicted by a jury of sexual battery. He appeals following the denial of his motion and amended motion for new trial. We affirm.

---

The transcript shows that Engle was seventeen years and four months old at the time the crime occurred. When he met the victim, who was 13 years old, he told her he was 15. At the time of the incident giving rise to the charges here, Engle was living with the victim and her friend at the friend's grandmother's house. The victim testified that she believed she was Engle's girlfriend and wanted to please him. She testified that Engle was asleep on the living room floor and that she had been asleep on a sofa in the same room. She got up to go to the bathroom and when she came back he looked at her and said "hey baby." After talking with Engle for a few minutes, the victim kissed him and then placed her hand inside his pants on the outside of his underwear and began rubbing his penis. She testified that Engle began rubbing her vagina on the outside of her clothes, and he pushed his finger and her pants and underwear up into her vaginal opening. The victim testified she indicated to Engle at some point that she wanted to stop, and she went back to the sofa and they started watching television.

Engle's statement to the investigating officers was also entered into evidence. In that statement Engle gave substantially the same version of events as the victim, except that he stated the victim placed his hand between her legs. The victim denied that she placed Engle's hand between her legs.

Other evidence presented at trial will be set forth below as it relates to Engle's contentions on appeal.

1. Engle first contends that the trial court violated his right to be present at all stages of the proceedings by communicating with the jury outside his presence. The record shows that during its deliberations the jury sent a note to the trial judge asking two questions. The first question asked if the crime of sexual battery was a misdemeanor or a felony, to which the court responded: "This is not a matter for the jury's consideration." The second question asked if, based on the testimony, there would be leniency considerations, to which the court replied: "You are not to concern yourselves with punishment." The record further reflects that the trial court "shared" the jury's note with counsel in chambers.

"A defendant has the constitutional right to be present at any stage of a criminal proceeding that is critical to its outcome if (his or her) presence would contribute to the fairness of the procedure." (Citation and punctuation omitted.) *Barrett v. State*, 275 Ga. 669, 671 (4) (571 SE2d 803) (2002). "A critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defense waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." (Citation and punctuation omitted.) *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001). The transcript here shows the trial judge responded only that

these were not matters for the jury's consideration. Moreover, we fail to see how Engle could have made a meaningful contribution to the manner in which the judge formulated his response, which was done in the presence of his trial counsel. *Parks v. State*, 275 Ga. 320, 322 (3) (565 SE2d 447) (2002); *Huff*, 274 Ga. at 111 (2). And although Engle argues that the trial court's response hastened a verdict against him and induced jurors who might be favorably inclined toward him to yield their convictions, there is nothing in the record to support these contentions. Cf. *Lindsey v. State*, 277 Ga. App. 18 (625 SE2d 431) (2005) (in which a divided jury was told the verdict had to be unanimous, and evidence was presented that jurors felt pressured to change their not guilty votes). Based on prior precedent of both this Court and our Supreme Court, see also *Benton v. State*, 271 Ga. App. 207, 209 (2) (609 SE2d 163) (2005) and cites, we find no error requiring reversal under the circumstances here.

2. Engle next enumerates as error the trial court's refusal to instruct the jury that a 13-year-old can consent to being touched within the meaning of the sexual battery statute. However, in his argument, Engle does not point to where in the record he requested this charge or to where the trial court refused his request, but argues instead that the trial court erred by charging the jury that a person under the age of 16 years lacks the legal capacity to consent to "sexual conduct." In any event, whether posed as a failure to instruct or the giving of an erroneous charge, there was no error, as we have previously upheld a similar instruction in a sexual battery case. *Hendrix v. State*, 230 Ga. App. 604, 606 (3) (497 SE2d 236) (1998). See also *Carson v. State*, 259 Ga. App. 21, 22 (1), 24 (5) (576 SE2d 12) (2002).

3. Citing *In re J. M.*, 276 Ga. 88 (575 SE2d 441) (2003), Engle next contends that his conviction "for a consensual touching of [the victim], within the context of their relationship (albeit brief) as boyfriend and girlfriend, violated [his constitutional] right to privacy." But *In re J. M.* is not applicable here. In that case our Supreme Court reversed an adjudication of delinquency for an alleged violation of the fornication statute, OCGA § 16-6-18, because the statute infringed on the juvenile's state constitutional right of privacy. As we have since noted however, "[c]ritical to the Court's decision was the fact that the juvenile and his girlfriend were both 16 years old at the time they had sexual intercourse, [and thus were both at] the age at which they could legally consent to sexual intercourse." (Footnote omitted.) *In the Interest of L. A. N.*, 276 Ga. App. 477, 478 (1) (623 SE2d 682) (2005). Since we have rejected Engle's contention that the 13-year-old victim in this case was at the age where she could legally consent to sexual conduct, this enumeration is also without merit. See id.

4. Engle next argues the trial court erred by refusing to give his requested charge on the "lesser included" offense of simple battery. "A person commits the offense of simple battery when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." OCGA § 16-5-23 (a). The offense of sexual battery, on the other hand, requires intentional physical contact with the intimate parts of the body of another person without the consent of that person. OCGA § 16-6-22.1 (b).[1]

And Engle was charged with committing the offense of sexual battery

> when he did intentionally make physical contact with the intimate parts of the body of another person, to wit: . . . a child under the age of (16) sixteen years, without the consent of said person, by placing his hand into contact with [her] primary genital area, placing his hand into contact with said child's vaginal area, contrary to the laws of said State, the good order, peace and dignity thereof.

Engle argues on appeal that the jury could have viewed the contact here as "insulting" or "provoking." But, based on Engle's version of events, we fail to see how he can now contend his contact with the victim was "insulting" or "provoking." As Engle acknowledges in another section of his brief, the evidence here was virtually undisputed and included the testimony of the victim as well as his statement. The only real difference in their version of events was whether Engle placed his hand on the outside of the victim's clothing over her vagina or she placed his hand there as he stated to authorities. At the charge conference, the State argued that the trial court should not give the charge on the lesser included offense of simple battery based on its understanding that Engle's theory of defense was that he did not intentionally touch the victim,[2] and that an essential element of the crime of simple as well as sexual battery is that the touching has to be intentional. When the trial court queried defense counsel concerning whether he wanted to respond to the state's argument, he responded "[n]ot really." The trial court then indicated it would not give the requested charge.

---

[1] "For the purposes of this Code section, the term 'intimate parts' means the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." OCGA § 16-6-22.1 (a).

[2] The transcript shows that Engle moved for a directed verdict in this case based on his contention that there had been "a dearth of credible evidence, reliable evidence that Mr. Engle in any way volitionally intentionally touched the vaginal area of the alleged victim. . . ."

We find no error. Engle admitted the other essential elements of the charged crime, although he disputed that the contact was intentional.[3] But the crime of simple battery also requires that the contact be intentional. Morever, the undisputed evidence shows that the contact was with an "intimate part" of the victim's body, an essential element of the crime of sexual battery, but not of simple battery, OCGA §§ 16-5-23; 16-6-22.1, and that the indictment in this case was narrowly drawn as to the charge of sexual battery. "[A] lesser included offense as a matter of fact must be both adequately averred in the indictment and be supported by some evidence of record." (Punctuation and footnote omitted.) *Neal v. State*, 264 Ga. App. 311, 313 (2) (a) (590 SE2d 168) (2003). And where "the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense." (Citation and punctuation omitted.) *McGruder v. State*, 279 Ga. App. 851, 855 (2) (b) (632 SE2d 730) (2006). Engle was not entitled to a new trial on this basis.

5. Engle contends his conviction should be reversed because the trial court improperly admitted evidence of another transaction that was not sufficiently similar. Engle contends at trial that the admission of this evidence violated his due process rights and his right to a fair trial under federal and state constitutional provisions. He also asserts that the evidence was not admitted for a proper purpose.

The similar transactions at issue involved the friend of the victim who was also living in the home with Engle. The friend, who was 12 years old at the time of the similar occurrence, testified that Engle would tell her that he loved and wanted her and that he and the victim had broken up. She testified that he would come into her bedroom when she was sleeping, remove her shorts and that on different occasions he had put his finger into her vagina, performed oral sex on her and on three occasions had sexual intercourse with her. She further testified that she did not want Engle to do these things to her and that she did not want to have sexual intercourse with him.

The trial court found that the evidence was admitted to show Engle's intent, modus operandi and lustful disposition toward children. He also found that the acts were sufficiently similar, noting that the prior and present offenses involved sexual offenses with 12- and 13-year-old girls, that they occurred at the same residence, at about the same time and that in both cases the victims developed some sort

---

[3] We also recognize that he did not admit that there was a lack of consent by the victim, but this is not pertinent for our analysis of this issue.

of romantic relationship with Engle. Lastly the trial court found that the relevance of the prior crimes evidence to the issues at trial was not outweighed by the prejudicial impact of the evidence and noted further that the evidence seemed so related it would "probably inevitably" come into evidence at trial.

Engle argues that the prior and present offenses were not sufficiently similar because the victim in this case consented to the touching and the victim of the prior offense, because of her age and the crime involved (statutory rape), by law could not consent. Again, however, this argument assumes the victim in this case had the legal capacity to consent to the acts against her, a contention we rejected in Division 2 of this opinion. Moreover, the similarities in this case are apparent, as the trial court noted. And

> [t]here is no requirement that the prior transaction be absolutely identical to the crime charged, as long as there is some logical connection between the independent act and the crime charged so that proof of the former tends to prove the latter. *Hudson v. State*, 271 Ga. 477, 479 (2) (521 SE2d 810) (1999); *Touchton v. State*, 210 Ga. App. 700, 701 (2) (437 SE2d 370) (1993). See also *Adams v. State*, 208 Ga. App. 29, 32 (2) (b) (430 SE2d 35) (1993) (the prior sexual abuse of children, regardless of their gender or the specific acts perpetrated against them, is sufficiently similar to be ad-missible in a child molestation trial). . . . In fact, "it is a well-established rule that when a defendant is charged with any form of sexual abuse of a child, evidence of prior sex crimes against children is admissible, because such conduct requires a unique bent of mind." (Footnote omitted.) *Turner v. State*, 245 Ga. App. [476, 479 (2) (538 SE2d 125) (2000)].

(Citation omitted.) *Hoffman v. State*, 259 Ga. App. 131, 133 (1) (576 SE2d 102) (2003).

Similarly, as to the purpose for which the evidence was admitted, we have held that "[i]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful dis-position of the defendant and to corroborate the victim's testimony." (Footnote omitted.) *Williams v. State,* 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003). For these reasons we also reject Engle's argument that the probative value of the evidence was outweighed by its prejudicial impact. *Johns v. State*, 253 Ga. App. 207 (1) (558 SE2d 426) (2002).

We find the trial court did not abuse its discretion in admitting the similar transaction evidence in this case. See also *Damare v. State*, 257 Ga. App. 508, 513 (3) (571 SE2d 507) (2002).

6. Engle contends that the trial court erred by admitting evidence of a polygraph examination because his consent to submit to the examination was improperly obtained through hope of benefit. But Engle's objection to the admission of this evidence below was "both on constitutional grounds that he was not permitted access to his parents or to counsel, and . . . due to the fact that he was seventeen years old at the time and lacked legal capacity to enter into a stipulation for the admissibility of any polygraph results." Thus, it appears that the argument he now asserts on appeal was not raised and ruled on below.

> In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a wavier of that specific ground. Accordingly, this issue has not been preserved for appellate review.

*Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001). See also *Phillips v. State*, 269 Ga. App. 619, 624 (3) (604 SE2d 520) (2004).

7. In two related enumerations, Engle argues that his conviction should be reversed because the trial court erred when it found he had the legal capacity to waive his constitutional rights and by not instructing the jury on the law relating to custodial statements by juveniles.

> Contrary to [Engle's contentions on appeal], his age of 17 does not affect the admissibility of the statement. He does not fall within the definition of "child" under OCGA § 15-11-2. Therefore, as an adult he is not entitled to the higher degree of court scrutiny awarded juveniles in determining the "knowing and voluntariness" of their confessions. [Cit.]

*Duncan v. State*, 176 Ga. App. 652, 654 (2) (337 SE2d 433) (1985). Likewise, Engle was not entitled to have the jury instructed on the law relating to custodial statements by juveniles.

8. Engle's challenge to the sufficiency of the evidence is premised on his argument that the 13-year-old victim had the legal capacity to consent to the touching and thus the evidence was insufficient because the state failed to prove that the touching was done without the victim's consent. For the reasons stated above in Division 2, we find this contention to be without merit. See *Carson v. State*, 259 Ga. App. at 22 (1). The evidence presented at trial was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 21, 2008.

*Wayne H. Basford, Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.