S13A0891. EDWARDS v. THE STATE.
(748 SE2d 870)

BLACKWELL, Justice.

Loviet Nushan Edwards was tried by a Richmond County jury and convicted of two murders in connection with the killings of Tykiah Palmer and her unnamed baby, among other crimes. Edwards appeals, contending that the trial court erred when it admitted a prior statement of a witness, and when it admitted certain photo-

graphs of the victims.[1] For the reasons that follow, we conclude that the trial court did not err when it admitted this evidence, and we affirm.[2]

1. Viewed in the light most favorable to the verdict, the evidence shows that Edwards — who was 15 years of age — was playing outside with several friends on February 17, 2010. Two of his friends began playing roughly, and as a result, one suffered a cut to his face. Edwards and his friends then were joined by several other persons, including Palmer, who was the sister of the boy who had been cut. An aunt of the same boy chastised Edwards for failing to protect the boy, and she and Palmer then began to walk away. Edwards said something that caused Palmer to turn around, and Palmer slapped him across his face. In response, Edwards pulled a gun from his back pocket, and he shot Palmer twice, once in her chest, and once in her back. Palmer — who was pregnant — was rushed to a hospital, where doctors delivered her baby in an emergency procedure. The baby girl was born alive, but she died soon thereafter. So did Palmer. Although Edwards does not dispute that the evidence is legally sufficient to sustain his convictions, we independently have reviewed the entire record to assess the legal sufficiency of the evidence. We conclude that the evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Edwards was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Edwards contends that the trial court erred when it admitted a prior statement of a prosecution witness. At trial, that witness —

---

[1] Besides the two evidentiary rulings that we address in the body of this opinion, Edwards also contends that the trial court erred when it denied his motion to suppress his custodial statement to an investigator. But that statement was never offered as evidence at trial or otherwise disclosed to the jury, and the investigator who took the statement never testified at trial. Accordingly, whether the trial court properly denied the motion to suppress is a moot question. See *Lawler v. State*, 276 Ga. 229, 233 (4) (d) (576 SE2d 841) (2003).

[2] The crimes were committed on February 17, 2010. Edwards was indicted on April 13, 2010 and charged with one count of malice murder (for killing Palmer), two counts of felony murder (for killing Palmer and her baby), and two counts of possession of a firearm during the commission of a felony. His trial commenced on September 19, 2011, and the jury returned its verdict two days later, finding Edwards guilty on all counts. Edwards was sentenced to imprisonment for life for the malice murder of Palmer, a consecutive term of imprisonment for life for the felony murder of the baby, and two consecutive terms of imprisonment for five years each for possession of a firearm during the commission of a felony. The verdict as to the felony murder of Palmer was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Edwards filed a motion for new trial on October 5, 2011, and the trial court denied that motion on September 19, 2012. Edwards timely filed a notice of appeal on October 10, 2012. The case was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

who had observed the rough play in which the boy was injured, as well as the shooting that followed — testified that Edwards gave a gun to the boy. The witness also testified that the rough play occurred after the same boy pointed the gun at another child. The prosecuting attorney then asked the witness about her earlier statement to investigators, and she admitted that she never mentioned anything to the investigators about a gun in connection with the rough play, and in fact, she had told them that she did *not* see a gun during the rough play. The witness acknowledged the inconsistencies between her earlier statement and her testimony at trial, and she offered that she was "using this time now [at trial] to tell the truth."

Later, the prosecuting attorney offered a recording of the earlier statement of the witness as a prior inconsistent statement, and the trial court admitted it. Pointing to case law about the admissibility of prior *consistent* statements, Edwards contends that this ruling was error, but we disagree. "Any party, including the party calling the witness, may attack the credibility of a witness," former OCGA § 24-9-81,[3] and "[a] witness may be impeached by contradictory statements previously made by [her] as to matters relevant to [her] testimony and to the case." Former OCGA § 24-9-83.[4] The prosecuting attorney laid a proper foundation for the prior inconsistent statement in this case, questioning the witness about the circumstances of her earlier statement to investigators and affording her "an opportunity to admit, explain, or deny the prior contradictory statement." *Byrum v. State*, 282 Ga. 608, 610 (4) (652 SE2d 557) (2007) (citation and punctuation omitted). The trial court did not abuse its discretion when it admitted the earlier statement of the witness. See *Rollins v. State*, 262 Ga. 698, 699 (1) (425 SE2d 285) (1993).

---

[3] Because this case was tried before January 1, 2013, our new Evidence Code does not apply, see Ga. L. 2011, pp. 99, 214, § 101, and we consider the claims of error in this case under the relevant provisions of the old Evidence Code. By the way, the rule of former OCGA § 24-9-81 was carried forward into the new Evidence Code, and it now can be found at OCGA § 24-6-607, which provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness."

[4] Former OCGA § 24-9-83 additionally provided that, "[b]efore contradictory statements may be proved against [a witness], the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible. . . ." Under the new Evidence Code, the admissibility of prior inconsistent statements is governed by OCGA § 24-6-613 (b), which provides in pertinent part that

. . . extrinsic evidence of a prior inconsistent statement by a witness [other than a party opponent] shall not be admissible unless the witness is first afforded an opportunity to explain or deny the prior inconsistent statement and the opposite party is afforded an opportunity to interrogate the witness on the prior inconsistent statement or the interests of justice otherwise require. . . .

3. Edwards also contends that the trial court erred when it admitted certain photographs of the victims, which he claims are post-autopsy photographs. The record shows, however, that none is a post-autopsy photograph. Three photographs depict the baby before she died, and these photographs were relevant to show that the baby was, in fact, born alive.[5] The remaining photographs depict the victims after they died, but before any autopsy, and these photographs were relevant to establish the identities of the victims, as well as to show the extent of their injuries.[6] See *Stewart v. State*, 286 Ga. 669, 670 (3) (690 SE2d 811) (2010). None were unnecessarily or unfairly prejudicial, and the trial court did not abuse its discretion when it admitted the photographs. See id. at 671 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Trotter Jones, James S. V. Weston,* for appellant.

*Ashley Wright, District Attorney, Charles R. Sheppard, Madonna M. Little, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General,* for appellee.

---

[5] Remember that Edwards was charged with the murder of the baby, not feticide. See note 2, supra.

[6] To the extent that Edwards claims that some of the photographs ought not have been admitted because they show Palmer with an intravenous tube in her arm, he is wrong. A photograph of a victim is not rendered inadmissible by its depiction of medical efforts to save the life of the victim. See *Rouse v. State*, 275 Ga. 605, 608 (7) (571 SE2d 353) (2002) (noting that photographs, which showed tubes in the nose and mouth of the victim, as well as sutures of her external wounds, also showed that her body was not "meaningfully altered" by emergency medical efforts).