**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 13, 2015

NOT TO BE OFFICIALLY REPORTED

# In the Court of Appeals of Georgia

A15A0437. FOWLER v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Samuel Lewis Fowler was convicted of committing more than three dozen crimes against his stepdaughter, including rape, aggravated child molestation, kidnapping with bodily injury, false imprisonment, statutory rape, incest, child molestation, cruelty to children, and aggravated sodomy. Proceeding pro se, Fowler appeals, raising more than 20 claims of error. Contrary to Fowler's arguments, we hold that the evidence supports the convictions; that Fowler has not shown prosecutorial misconduct; that the arrest and search warrants were supported by probable cause; that the trial court had jurisdiction; and that trial counsel was not ineffective. We also hold that Fowler has waived or abandoned several arguments. We therefore affirm.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that the victim, who was 15 years old at the time of trial, was Fowler's stepdaughter. They had lived in the same household since the victim was two years old. Fowler began abusing the victim when she was five or six.

The victim testified about several sexual assaults that occurred in a blue building behind their house. She testified that one time, Fowler forced her to drink

2

alcohol, tied her wrists to ropes suspended from the ceiling of the building, and sexually assaulted her with a metal flashlight. She testified about Fowler sexually assaulting her at a lake-side pavilion, in the bathroom of their residence, in his bedroom, and in a van.

The victim described Fowler's last rape of her. She testified that Fowler became angry because he believed that, in violation of his rule, she had deleted text messages from her phone before he could read them. They argued and then the victim went to bed. Thirty minutes later, Fowler came into her room, yanked her up by her hair, took her to another bedroom, threw her on the bed, and told her to take off her clothes. Fowler blocked the bedroom door so no one could come in by pulling out drawers from a dresser. Fowler touched the victim's vagina and then raped her. He ejaculated on her abdomen and used a towel to clean up. He threatened to kill the victim and her mother if she told. He hit the victim in the mouth.

The next morning, the victim told her mother. They went to the sheriff's department, where the victim described what had happened, and then to a hospital, where samples of Fowler's semen were recovered from the victim's abdomen.

We conclude that the evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Fowler was guilty of the crimes of which he was convicted. *Jackson*, supra, 443 U. S. at 319 (III) (B).

Fowler argues that the state failed to prove that the crimes occurred on the dates alleged in the indictment, which, he argues, is an essential element since he was charged with multiple counts of the same offense. We find no reversible error.

First, we observe that, contrary to the state's argument, Fowler did not waive this argument by failing to raise it in his motion for new trial. "On appeal, a party shall not be limited to the grounds urged in the motion [for new trial] or any amendment thereof." OCGA § 5-5-40 (g). See also OCGA § 5-6-36 (a) ("The entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court.") Nonetheless, we reject Fowler's argument.

"[T]he [s]tate is not required to prove beyond a reasonable doubt that the crimes occurred on the date[s] alleged in the indictment unless the indictment specifically states that the date[s] of the offense[s are] material, which the indictment in this case failed to do." *Christian v. State*, 277 Ga. 775, 776 (1) (596 SE2d 6)

4

(2004) (citation omitted). "Nor did [Fowler] offer any defense, such as alibi, that might render the dates of the crimes material." *Coats v. State*, 303 Ga. App. 818, 820 (1) (695 SE2d 285) (2010).

2. *Prosecutorial misconduct.*

Fowler argues that the assistant district attorney engaged in prosecutorial misconduct by allowing the victim and her mother to testify falsely at trial. He does not point to the trial transcript to show at what point during the trial this allegedly false testimony occurred, however, and thus has abandoned this argument. See Court of Appeals Rule 25 (c) (2) (i). In any event, "[Fowler] has failed to show that [these witnesses] perjured themselves, that the [s]tate knowingly used their perjured testimony, or that the presentation of perjured testimony led to his wrongful conviction . . . ." *Bass v. State*, 309 Ga. App. 601, 605 (2) (710 SE2d 818) (2011).

3. *Probable cause for arrest and search warrants.*

Fowler argues that the arrest and search warrants were not based on probable cause because they were based on hearsay: the victim spoke with one detective, who relayed the content of the conversation to the detective who obtained the warrants. Hearsay rules generally do not apply in warrant proceedings, however. *State v. Chulpayev*, 296 Ga. 764, 777-778 (3) (b) (__ SE2d __) (Cases No. S14A1375 &

5

S14A1376, decided March 27, 2015). And contrary to Fowler's argument, hearsay may supply probable cause for the issuance of warrants. *Lewis v. State*, 255 Ga. 101, 105 (2) (335 SE2d 560) (1985).

4. *Trial court's jurisdiction*.

Fowler argues that the trial court erred in "denying [his] argument that [the] trial court lacked subject matter jurisdiction to try defendant because a true bill of indictment was not returned publicly in open court." The indictment was signed by the grand jury bailiff, the superior court clerk, and the grand jury foreperson on June 20, 2008, and Fowler has pointed to nothing in the record to show that the courtroom was not open on that date. Further,

> our review of the record fails to reveal that [Fowler] objected to the indictments on this specific ground before trial. A demurrer to the indictment, motion to quash or plea in abatement must be entered before trial. [Fowler] therefore waived this alleged error by going to trial under the indictment without raising the objection that the indictment was not returned in open court.

*Thomas v. State*, 331 Ga. App. 641, 655-656 (4) (771 SE2d 255) (2015) (citations, punctuation, and footnotes omitted).

5. *Jury's notes.*

Fowler argues that the trial court erred by responding to two jury notes in his absence, by failing to enter the notes into evidence, and by failing to re-charge the jury in response to the notes.

During Fowler's sentencing hearing, the assistant district attorney wanted to put the content of the notes on the record because, as the trial court explained, the notes had been left with the jury foreperson and then destroyed. Fowler was present during this discussion at the hearing. The prosecutor and Fowler's counsel agreed that the jury first asked whether the jurors had to find physical injury to find Fowler guilty of aggravated child molestation based on bodily injury and that after consultation with the attorneys, the court wrote "yes," and returned the note. They agreed that the second note asked, in reference to kidnapping with bodily injury, whether rape could be considered physical injury. After consultation with the attorneys, the court declined to answer this question but instructed the jurors that they had to determine the issue from the evidence presented.

Fowler submitted his own affidavit with his amended motion for new trial in which he testified that he was not present when the court read and responded to the notes. The trial court flatly disbelieved Fowler, noting that her policy is never to talk with the jury unless the defendant and attorneys are present.

(a) *Fowler's presence.*

"[A]ny answers to . . . questions [from the jury related to their decision process] must be given in open court with the accused and his counsel present." *Morris v. State*, 257 Ga. 781, 784 (4) (364 SE2d 571) (1988). But here, by denying his motion for new trial on this ground, the trial court implicitly found that Fowler was present. In any event, "we fail to see how [Fowler] could have made a meaningful contribution to the manner in which the judge formulated [her] response, which was done in the presence of [Fowler's] trial counsel. . . . [W]e find no error requiring reversal under the circumstances here." *Engle v. State*, 290 Ga. App. 396, 398 (1) (659 SE2d 795) (2008).

(b) *Failure to enter notes into evidence.*

Fowler argues the trial court should have entered the jury's notes into evidence. The contents of the notes "were read into the record and are not disputed by the parties in this appeal. Therefore, although the better practice would have been for the trial court to mark the notes as exhibits to be included with the appellate record, [Fowler] has shown no harm from the trial court's failure to do so in this instance." *Grant v. State*, 295 Ga. 126, 129 (4) (757 SE2d 831) (2014).

(c) *Response to notes.*

8

Fowler argues that the notes indicate that the jury was confused, so the trial court should have re-charged the jury. The trial court responded to the notes, and Fowler does not argue that the response failed to resolve any confusion. Nor does Fowler describe how the trial court should have charged the jury. Finally, before they began deliberating, the trial court had sent out with the jury a written copy of its full charge. We find no error requiring reversal under the circumstances here.

6. *Failure to recuse*.

Fowler argues that the trial court judge should have recused herself. He argues that a colloquy between the trial court and counsel on the third day of trial demonstrates that the court discussed his case with a third party. But he failed to timely raise this issue. After a party learns of grounds for a potential disqualification of the judge,

> he must promptly move for the recusal of the judge, see Uniform Superior Court Rule 25.1, 8 and if he does not, the question of disqualification is not preserved for appellate review. Here, the record shows that [Fowler] never filed a motion to recuse, even after he had knowledge of the grounds for potential disqualification. Asserting a disqualification in a motion for new trial before the same judge who is alleged to be disqualified – without also asking the judge to recuse from hearing the motion for new trial – is not a proper means of raising and preserving the issue.

9

*State v. Hargis*, 294 Ga. 818, 821 (1) (756 SE2d 529) (2014) (citations omitted).

7. *Sentencing*.

Fowler raises two challenges to his sentence. We conclude that he has not shown reversible error.

First Fowler argues that the trial court impermissibly converted his sentence on count 12 by changing it from a concurrent sentence to a consecutive sentence after he had begun serving it. But "a concurrent sentence may be converted into a consecutive sentence without being considered 'more severe'. . . ." *Fair v. State*, 281 Ga. App. 518, 519 (1) (636 SE2d 712) (2006). See also *Alvarado v. State*, 248 Ga. App. 810, 811 (1) (547 SE2d 616) (2001) (trial court did not impose a harsher sentence where it converted an "existing sentence from a concurrent sentence into a consecutive one without increasing the length of the sentence"); *Duffey v. State*, 222 Ga. App. 802, 803 (1) (476 SE2d 89) (1996) (same).

Fowler also argues that the trial court erred by "allowing [him] to be convicted and then sentencing him on lesser included offenses." "If a jury finds a defendant guilty of both the charged offense and the lesser included offense, the lesser offense merges into the greater offense and the court sentences on the greater offense only." *Ellison v. State*, 265 Ga. App. 446, 449 (3) (594 SE2d 675) (2004). Conversely, "an

10

'acquittal' on a greater offense does not preclude a jury's determination that a defendant is guilty as to the lesser included offense. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter." *Grimes v. State*, 232 Ga. App. 155, 156 (1) (500 SE2d 609) (1998).

8. *Effective assistance of counsel*.

Fowler argues that trial counsel was ineffective in multiple ways. To prevail on his claim of ineffective assistance of counsel, Fowler must show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). If he "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted).

(a) *Special demurrer.*

Fowler argues that counsel was ineffective for failing to file a special demurrer to challenge the lack of specificity as to the dates of the crimes. "[B]ecause a defendant can be re-indicted after the grant of a special demurrer, a failure to file such

11

a demurrer generally will not support a finding of ineffective assistance of counsel." *Washington v. State*, 298 Ga. App. 105, 106 (679 SE2d 111) (2009).

(b) *Forensic interview*.

Fowler claims that counsel was ineffective for failing to have the victim's forensic interview transcribed for use in impeaching her. But a transcription of the interview was not required to impeach the victim. To establish a proper foundation for a prior inconsistent statement, counsel simply needed to "question[] the witness about the circumstances of her earlier statement . . . and afford[] her an opportunity to admit, explain, or deny the prior contradictory statement." *Edwards v. State*, 293 Ga. 612, 614 (2) (748 SE2d 870) (2013) (citation and punctuation omitted).

(c) *Alibi.*

Fowler argues that trial counsel was ineffective for failing to call certain witnesses who would have supported an alibi defense, at least for some of the charges. But Fowler did not present the potential alibi witnesses at the hearing on his motion for new trial, nor has he shown that he made a proffer as to how they would have testified. "Accordingly, [Fowler] cannot show that but for his counsel's alleged deficient conduct, the result of the trial would have differed." *Johnson v. State*, 275 Ga. App. 21, 26 (7) (e) (619 SE2d 731) (2005) (citation omitted).

(d) *Expert medical witness.*

Fowler argues that counsel was ineffective for failing to call expert medical witnesses who would have testified that a spinal cord injury rendered him impotent and incapable of committing the sex crimes. His argument is belied by the record, which shows that trial counsel called a urologist, who was qualified as an expert witness in the fields of sexual dysfunction and erectile dysfunction. The urologist testified that he conducted a physical exam of Fowler, conducted tests to assess Fowler's ability to generate an erection, and reviewed Fowler's medical history, including his injury and his history of diabetes. The doctor testified that in his opinion Fowler was unable to generate an erection on his own and that this inability likely had been ongoing for some time.

(e) *Suppression.*

Fowler argues that trial counsel was ineffective for failing to move to suppress two items of evidence – the rape kit and a DNA swab – because certain documents showed that the state did not establish chain of custody. Trial counsel testified at the amended motion for new trial hearing that he did not move to suppress the evidence on the ground of insufficient chain of custody because the state presented testimony sufficient to overcome the deficiencies noted by Fowler and to establish the chain of

13

custody. Moreover, counsel had gone to the GBI crime lab to review their procedures and had investigated the possibilities of the samples being contaminated. Fowler has not shown that trial counsel was deficient in this regard.

9. *Abandoned enumerations*.

Finally, we deem Fowler's remaining enumerations of error abandoned. Fowler asserts that the trial court erred by not sustaining certain trial objections and by failing to grant him a mistrial; that trial counsel rendered a deficient performance by failing: to call an expert witness to rebut a nurse's testimony, to timely and thoroughly investigate the case, to contest the state's version of the facts, to interview witnesses, to obtain witness statements, to make the process truly adversary, and to present evidence at the sentencing hearing that he had saved several lives; and that the cumulative effect of counsel's errors mandate a new trial. Fowler has not supported these enumerations of error with citation of authority or argument and we therefore deem them abandoned. Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur*.