A98A1405. WALLS v. THE STATE.
(504 SE2d 471)

ELDRIDGE, Judge.

The defendant, Dwayne Walls, appeals from the denial of his motion for new trial following his conviction for armed robbery and

---

[14] *Harris v. State*, supra, 261 Ga. at 860 (2).
[15] *Edwards v. State*, supra, 216 Ga. App. at 740-741 (3).

possession of a firearm during the commission of a felony. We affirm.

The facts, viewed in the light most favorable to the verdict,[1] are as follows: at approximately 3:00 a.m. on January 26, 1997, a sales clerk was working alone at Lil' Champ convenience store in Ogeechee, Chatham County. The defendant entered the store, picked up a bag of candy, and walked to the cash register. He leaned forward, as if looking at the lottery ticket display. When the clerk leaned forward to assist the defendant, he grabbed her vest and pulled out a gun from under his clothing. At this point, the defendant's face was approximately one foot away from the clerk's face. The defendant shoved the gun into the clerk's face, ordered her to give him the money from the cash register, then pushed her backwards. She pulled out the register drawer, set it on the counter, and let him take the money. The defendant left the store, and the clerk immediately activated the alarm. Another man and his wife came into the store minutes later; the man stayed with the clerk while his wife called the police. Officers Belinda Walker and David Schulz of the Chatham County Police Department arrived within minutes; Officer Walker interviewed the clerk, who was able to give a general description of the robber.

Two days later, on January 28, 1997, Officer R. Berger of the Port Wentworth Police Department stopped a car driven by Tommy Glenn Thomas for driving on the wrong side of the road and DUI. The defendant was a passenger in the car. Officer Berger arrested Thomas and transported him to the county detention center, but he did not detain the defendant.

On the way to the detention center, Thomas offered to "make a deal" with the police in an effort to avoid arrest. He identified his passenger (the defendant) by name and told Officer Berger that, earlier the same evening, the defendant had admitted to robbing a Lil' Champ convenience store. Thomas testified that, prior to this admission, he was not aware that the store had been robbed. According to Thomas, the defendant also said that he had shaved his head in order to get "a new identity" so as to "avoid recognition." Officer Berger passed this information along to a Chatham County detective, and a "BOLO" ("Be on the lookout") was issued for the defendant. Thomas was subsequently charged in Chatham County with DUI and driving on the wrong side of the road, but he moved to Louisiana and failed to appear to answer the charges. The court issued a warrant for his arrest.

Four days after the robbery, Officer Walker presented a photospread to the clerk, who identified the defendant as the man who

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

robbed the store. Both the clerk and the detective testified that the clerk was certain that the defendant was the robber.

The defendant was indicted for armed robbery (OCGA § 16-8-41) and possession of a firearm during the commission of a felony (OCGA § 16-11-106). He was tried by a jury on September 30-31, 1997 and found guilty on both counts. The defendant was sentenced to consecutive terms of twelve and five years of incarceration. Following the denial of his motion for a new trial, he appeals his convictions.

1. In his first enumeration of error, the defendant contends that the trial court erred in refusing to charge the jury regarding the prosecution's alleged grant of immunity or leniency towards witness Tommy Glenn Thomas in exchange for his testimony in this case. This contention has no merit.

Following his January 28, 1997 arrest for DUI, Thomas moved to Louisiana. He failed to answer the Chatham County charges and an arrest warrant was issued. In this case, the trial court determined that Thomas was a material witness and petitioned the Louisiana court to compel Thomas to appear as a witness. See OCGA § 24-10-90 et seq. The petition promised that, during his trip to Georgia to appear as a witness in this case, Thomas would be given "protection from arrest or the service of process, civil or criminal, in connection with matters which arose before entrance into [Georgia] pursuant to said order." The La Fourche Parish, Louisiana court granted the State's petition and ordered Thomas to appear in this case.

Under the State's petition and the Louisiana court's order, Thomas could not be arrested under the previously issued warrant *during this trip* to Georgia. There was *no promise* by the prosecution that, as a result of Thomas' testimony in this case, the State would dismiss pending criminal charges against Thomas; would grant him leniency; would accept a more favorable plea bargain; or would not arrest Thomas during any subsequent trip to Georgia. As such, the requested charge was not supported by any facts or otherwise adjusted to the evidence, and there was no error in the trial court's refusal to give such charge. *Lindley v. State*, 225 Ga. App. 338, 342 (2) (a) (484 SE2d 33) (1997); *Kelly v. State*, 212 Ga. App. 278, 282 (3) (442 SE2d 462) (1994); *Pace v. State*, 201 Ga. App. 475, 476 (2) (411 SE2d 361) (1991).

2. The defendant also contends that the trial court erred in refusing to give two charges based upon OCGA §§ 40-6-391 and 40-6-392. Charge no. 8 stated that, if the jury found that Thomas' blood alcohol level was over .08 percent when he was stopped for DUI, one could "infer that the witness was under the influence of alcohol." See OCGA §§ 40-6-391 (a) (1); 40-6-392 (b) (3). The defendant argues that the jury should have been able to infer that Thomas' intoxication at the time of his arrest for DUI played a role in his memory of the

defendant's alleged admissions regarding the robbery.

However, whether or not Thomas was, in fact, under the influence of alcohol *as a matter of law* is not an issue in this case. The only relevance of Thomas' alleged intoxication goes to the weight and credibility of his testimony. The jury received comprehensive charges on their responsibilities regarding such determination. See OCGA § 24-9-80. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. . . . [T]he failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principle, is not grounds for reversal." (Citations and punctuation omitted.) *Douglas v. State*, 228 Ga. App. 368, 370 (4) (491 SE2d 821) (1997); *Lindley v. State*, supra at 342-343; *Shilliday v. Dunaway*, 220 Ga. App. 406 (469 SE2d 485) (1996); *Pace v. State*, supra at 476.

3. In addition, there was no error in the trial court's refusal to give requested jury charge no. 9, which stated that it is unlawful to drive a car when one has an alcohol concentration of .10 percent or greater. OCGA §§ 40-6-391 (a) (5); 40-6-392 (b) (4). At the time of this trial, Thomas had not been convicted of driving under the influence, so that the illegality of his alleged drunken driving could not be used to impeach his testimony.[2] See OCGA § 24-9-84. Accordingly, evidence of Thomas' drunken condition is relative *only* to the issue of his credibility at the time he made his statements to Officer Berger. Under the same analysis as in Division 2, supra, there was no error.

4. The defendant also asserts that the evidence was insufficient to support the verdict and specifically attacks the credibility of the testimony given by the store clerk and by Thomas. However, the weight of evidence and the credibility of witnesses are matters for the jury's determination; this Court is concerned only with the sufficiency of the evidence. OCGA § 24-9-80; *Grant v. State*, supra at 464 (1). After reviewing the record in a light most favorable to the jury's verdict, we conclude that the evidence was sufficient for a rational finder of fact to find the defendant guilty beyond a reasonable doubt of the offenses of armed robbery and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grant v. State*, supra at 464 (1).

5. Finally, the defendant contends that the trial counsel's decision not to call an alibi witness amounted to ineffective assistance of counsel, thereby entitling him to a new trial under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). How-

---

[2] Further, even if Thomas had been convicted of drunken driving, it is not a crime of moral turpitude, and therefore, such misdemeanor conviction could not be used for impeachment. OCGA § 24-9-84; *Hall v. Hall*, 261 Ga. 188 (402 SE2d 726) (1991).

ever, there is no merit to this contention, as the transcript reveals that the defendant, *himself*, decided not to call the witness.

Following the close of the State's case, defense counsel notified the court that an alibi witness had come forward, but counsel expressed concerns that the witness' testimony might be impeached or contradictory to other defense evidence. Counsel then stated on the record that he had "gone over all these strategic concerns with my client [the defendant] and we have talked it over, and *he has elected not to call an alibi witness*." (Emphasis supplied.) The trial court then put the defendant on the stand under oath and confirmed that it was the *defendant's* decision not to call the alibi witness. Accordingly, the defendant's assertion of ineffective assistance of counsel fails.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 26, 1998 —
RECONSIDERATION DISMISSED JULY 15, 1998 AND RECONSIDERATION
DENIED JULY 28, 1998 —

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.