## A02A1727. CARSON v. THE STATE.
### (576 SE2d 12)

BLACKBURN, Chief Judge.

Following a jury trial, Willie Carson appeals his convictions for child molestation and aggravated sexual battery,[1] contending that: (1) the trial court erred by denying motions for directed verdict because there was insufficient proof that the victim was under the age of 14 when the crimes occurred; (2) the district attorney committed prosecutorial misconduct during opening and closing arguments; (3) the district attorney was improperly allowed to refer to facts not in evidence during closing argument; (4) the trial court erred by granting the State's motion in limine preventing Carson from questioning the victim about her sexual behavior; (5) the trial court erred in its charges to the jury; and (6) trial counsel provided ineffective assistance. For the reasons set forth below, we affirm.

1. Carson contends that the trial court erred by denying his motion for a directed verdict on both the charge of child molestation and aggravated sexual battery.

> On appeal the evidence is viewed in the light most favorable to support the verdict, and defendants no longer enjoy a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a challenge to the sufficiency of the evidence, whether enumerated as error on appeal or made in the form of a motion for directed verdict of acquittal at trial, is whether under the rule of *Jackson v. Virginia*,[2] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.

*Young v. State.*[3]

Viewed in this light, the record shows that Carson was considered a "prophet" in his family's church. At trial, Carson's stepgranddaughter, T. M., testified that Carson instructed her that he needed to anoint her with oil to drive evil spirits from her body. Carson told the victim that both she and her mother would become sick if the victim did not submit to the ritual. During this anointing, Carson touched T. M.'s breasts, and he inserted a finger into her vagina.

---

[1] Carson was acquitted of raping the victim. He was also acquitted of molesting another child.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Young v. State*, 242 Ga. App. 681 (1) (530 SE2d 758) (2000).

T. M. also testified that Carson attempted to have sex with her, but she would not let him. Carson instructed T. M. not to tell anyone else about these anointing sessions because "nobody would understand the things God had him do."

T. M. testified that she was born on June 6, 1978, and, although she could not remember exact dates, she guessed that she was about 14 or 15 when she moved in with her stepgrandparents and these acts began "maybe a year" later. T. M.'s mother, on the other hand, testified that T. M. was between 13 and 14 when the difficulties occurred. Both Carson and his wife testified that T. M. moved in with them in 1991, when she would have been only 13 years old.

This evidence was sufficient to support the jury's verdict. *Jackson*, supra.

Carson's contention that there was no evidence showing that T. M. was under the age of 14 at the time that the acts occurred is without merit. Effective July 1, 1995, the statute governing the crime of child molestation was amended to apply to minors under the age of 16. Ga. L. 1995, p. 957, § 4. Prior to this date, the statute applied to children under the age of 14. Therefore, as Carson's acts against the victim occurred prior to 1995, the State was required to show that the victim was under the age of 14.

Contrary to Carson's characterization, T. M.'s testimony concerning her age at the time that the acts occurred was far from being unequivocal, and her mother affirmatively testified that the problems occurred before she was 14. Both Carson and his wife further testified that the victim moved in with them when she was 13. Based on this information, the jury could appropriately infer that T. M. was under 14 years of age when the molestation occurred.

For the same reason, Carson's argument that the State was required to prove that T. M. did not consent to the "anointings" in order to convict him for aggravated sexual battery is also untenable. As the jury had available evidence based on which it could infer that T. M. was under 14 when the aggravated sexual battery occurred, the State was not required to show that the victim had not consented to the battery.

Again, the evidence was sufficient to support Carson's convictions, and the trial court did not err by denying his motions for directed verdict. *Young*, supra.

2. Carson contends that the district attorney committed prosecutorial misconduct during opening and closing arguments. Specifically, Carson argues that: (a) during opening argument, the district attorney improperly stated: "[Y]ou're going to hear about things and they should offend you because they're disgusting things that happened"; and (b) during closing argument, the district attorney

improperly stated: (i) "That's a misrepresentation from their very opening argument. . . . [T]he defense attorney didn't bother to tell you that from the start. Rather they twisted the facts around and convoluted the issue"; and (ii) "[the defense] is trying to put these kids on trial." Carson, however, failed to object to any of these statements. As such, he has waived the right to argue about them on appeal. *Hampton v. State.*[4]

3. Pursuant to OCGA § 17-8-75, Carson contends that the trial court erred by not declaring a mistrial, sua sponte, after the district attorney allegedly referred to facts not in evidence in his closing argument. Carson, however, waived this argument.

> OCGA § 17-8-75 provides that, if counsel makes "statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same." In order to secure appellate review of a violation of this statute, however, it is necessary to object to the prejudicial remark at the time it is made. "Unless the court's attention is called to such improper argument and a ruling invoked upon the trial, it is too late to raise the point for the first time in a motion for new trial."

(Footnote omitted.) *Dix v. State.*[5] Carson failed to object at the time the allegedly inappropriate remarks were made, and he cannot raise the issue now.

4. Carson contends that the trial court erred by granting the State's motion in limine preventing him from eliciting evidence regarding T. M.'s sexual history. Specifically, Carson argues that the trial court should have allowed him to show that the victim was otherwise sexually active at the time of the molestation by presenting evidence that a DNA test showed that Carson was not the father of a child of the victim born after the molestation. This argument lacks merit.

> With some limited exceptions, the rape shield statute, OCGA § 24-2-3 (b), excludes evidence relating to the past sexual behavior of the complaining witness. This statute applies in child molestation cases. Generally, in a child molestation case, evidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with

---

[4] *Hampton v. State*, 272 Ga. 284, 287 (5) (527 SE2d 872) (2000).
[5] *Dix v. State*, 246 Ga. App. 338, 340 (2) (540 SE2d 294) (2000).

sex. When consent is not a defense, evidence of prior sexual behavior is generally not material to the issues.

(Citations, punctuation and footnotes omitted.) *Jarvis v. State.*[6]

Such evidence of prior sexual behavior was not material here. Nonetheless, Carson contends that the DNA evidence should have been admitted to impeach the testimony of the victim. However, contrary to Carson's characterization of the evidence, the victim never claimed that Carson was the father of her child. As such, the DNA evidence was irrelevant to the case at hand, and the trial court properly excluded it from evidence.

5. Carson contends that the trial court erred in its charges to the jury. Specifically, Carson contends that the trial court erred by: (a) refusing to charge the jury on mere suspicion and (b) improperly charging the jury regarding consent with regard to the charge of aggravated sexual battery.

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Punctuation omitted.) *Roker v. State.*[7] "The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principle, is not grounds for reversal." (Punctuation omitted.) *Walls v. State.*[8]

(a) Carson contends that the trial court erred by failing to give his requested charges on mere suspicion. Viewing the charge as a whole, however, the trial court gave complete instructions on reasonable doubt and the presumption of innocence, and, accordingly, the trial court did not err by refusing to give the requested charge on mere suspicion. *Jackson v. State.*[9]

(b) Carson also contends that the trial court improperly charged the jury on the issue of consent with regard to the charge of aggravated sexual battery.

The trial court initially charged the jury:

The jury should only consider the period of January 1st, 1992 — this is on count four — through June 6, 1992, for the allegations concerning T. M. on count four, aggravated sexual battery. Again, this covers the period up to her 14th birthday. Again, with respect to count four, as you know I've charged you earlier, one of the elements of the offense of aggravated sexual battery is the lack of consent. If the State

---

[6] *Jarvis v. State*, 253 Ga. App. 581, 583 (2) (560 SE2d 29) (2002).
[7] *Roker v. State*, 262 Ga. 220, 222 (4) (416 SE2d 281) (1992).
[8] *Walls v. State*, 233 Ga. App. 601, 604 (2) (504 SE2d 471) (1998).
[9] *Jackson v. State*, 247 Ga. App. 273, 276 (2) (543 SE2d 770) (2000).

does not prove beyond a reasonable doubt that T. M. was under the age of 14 at the time of the alleged offense then the State must prove beyond a reasonable doubt that the victim did not consent. And that is because if she was under the age of 16 — I mean under the age of 14, she would not have been capable of consenting.

The judge then recharged:

With respect to count four, that's the aggravated sexual battery, the jury should consider the period of January 1st, 1992 through 23 August, 1996. That is the period you can consider on that particular indictment for the allegations concerning T. M. That's on count four for the offense of aggravated sexual battery. Now, the indictment covers other periods of time, but that is the period of time that would be applicable. And if it happened some other time you would not be authorized to convict. Now, again, I charge you with respect to that count that an element of the offense of aggravated sexual battery is lack of consent. So if the State does not prove beyond a reasonable doubt that T. M. was under the age of 14 at the time of the offense, then the State has the burden of proving beyond a reasonable doubt that the victim didn't consent. In other words, she could have been 14 or she could have been 15, but if she was 14 she could not consent by law.

Carson contends that the last sentence of the recharge requires a reversal because the trial judge states that T. M. could not consent by law if she was 14, rather than under 14. Viewing the charge as a whole, the trial court instructed the jury numerous times that T. M. could not have consented if she were *under* the age of 14 at the time the sexual battery occurred. As such, the charge, viewed as a whole, was unlikely to have confused the jury. Moreover, as discussed above, the evidence would support the jury's conclusion that T. M. was under the age of 14 when the molestation and battery occurred, thereby obviating the issue of consent.

6. Carson contends that he received ineffective assistance of counsel in numerous ways. We have reviewed these contentions, the majority of which are based on enumerations already discussed, and we have determined that they lack merit. *Strickland v. Washington.*[10]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[10] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

DECIDED DECEMBER 4, 2002 —
RECONSIDERATION DENIED DECEMBER 20, 2002 —

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney*, for appellee.