In the Supreme Court of Georgia

Decided: September 14, 2015

S15G0385.  WATSON v. THE STATE.

HUNSTEIN, Justice.

Appellant Patrick Watson was convicted by a jury on two counts of sexual battery against his daughter, K.P., for acts committed when she was between the ages of 11 and 13.  After the Court of Appeals affirmed Watson's convictions, see Watson v. State, 329 Ga. App. 334 (765 SE2d 24) (2014), this Court granted certiorari to review the propriety of the trial court's jury charge on sexual battery, to the extent it instructed that a victim under the age of 16 lacks the legal capacity to consent to sexual conduct.  We now hold that this particular instruction is improper when given in relation to the offense of sexual battery. Accordingly, the trial court erred in giving the instruction, the Court of Appeals erred in its affirmance thereof, and we reverse the judgment below on this issue.[1]

---

[1]Watson was also convicted of one count of child molestation against a different victim, for which he was sentenced to twenty years, fifteen to serve and five on probation.  His conviction and sentence on that count, which were also affirmed by the Court of Appeals, are not at issue on certiorari.  Watson was sentenced to serve a total of ten consecutive years on probation for the sexual battery convictions.

As relevant to the issue presented here, the evidence at trial established that Watson touched victim K.P.'s breasts and pubic area on several occasions when she was between the ages of 11 and 13.  The indictment charged Watson with two counts of child molestation in connection with this conduct, and, in its jury charge, after instructing the jury on the definition of child molestation, the court instructed the jury on sexual battery as a lesser-included offense of child molestation.  Following its recitation of the definition of sexual battery, the trial court stated, "And under Georgia law a person under the age of sixteen lacks legal capacity to consent to sexual conduct."  Though Watson's trial counsel objected to the giving of this charge, see OCGA § 17-8-58 (a), the objection was overruled.  The jury ultimately convicted Watson on the lesser-included offense of sexual battery as to victim K.P.

On appeal, the Court of Appeals held, inter alia, that this jury charge was an accurate statement of the law adjusted to the facts of the case and, thus, was proper.  Watson, 329 Ga. App. at 339.  In addition, the Court of Appeals declined to consider Watson's argument that eliminating the lack-of-consent element of sexual battery for victims younger than 16 would yield an overbroad statute, viewing such an argument as a constitutional challenge to the statute that

2

was not raised or ruled on below.  See Watson, 329 Ga. App. at 340 (citing In re D.H., 283 Ga. 556, 557 (3) (663 SE2d 139) (2008) (appellate courts of this State "will not pass upon the constitutionality of a statute when the challenge was not directly and properly made in the trial court and distinctly ruled on by the trial court")).

1.   As an initial matter, we disagree with the Court of Appeals' characterization of Watson's overbreadth argument as a constitutional challenge that was waived.  As made clear in Watson's appellate brief and at oral argument, Watson does not challenge the constitutionality of the sexual battery statute but simply argues for a construction of the statute that would criminalize a narrower class of conduct than that which is prohibited under the construction adopted by the trial court and Court of Appeals.  Watson's argument that the trial court's construction of the statute would potentially criminalize benign conduct, to support his position favoring a narrower construction of the statute, does not equate to a constitutional challenge on overbreadth grounds.  The Court of Appeals thus erred in declining to consider this argument in interpreting the sexual battery statute.

2.   The sexual battery statute defines the offense of sexual battery as

"intentional[] . . . physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b).[2] The plain language of this Code section thus prescribes three elements that are required to establish the offense of sexual battery: (1) physical contact with the victim's intimate body parts; (2) intent to have such contact; and (3) lack of consent on the part of the victim. The question presented here is whether the victim's age alone may conclusively establish the lack-of-consent element of sexual battery.

Current Georgia law holds that persons under the age of 16 lack the legal capacity to consent to sexual intercourse, other than with a spouse. OCGA § 16-6-3 (a) (defining statutory rape as sexual intercourse with "any person under the age of 16 years and not his or her spouse"); Phagan v. State, 268 Ga. 272, 273 (486 SE2d 876) (1997). In prosecutions for forcible rape, we have held that, where the victim was at the time of the alleged crime under the age of consent, the victim's age alone conclusively establishes her lack of consent. Drake v. State, 239 Ga. 232 (1) (236 SE2d 748) (1977); see also State v. Collins, 270 Ga. 42, 43 (508 SE2d 390) (1998). We have similarly noted, in the context of a

---

[2]The term "intimate parts" is defined as "the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." OCGA § 16-6-22.1 (a).

prosecution for sexual assault, that underage victims lack the legal capacity to consent to "sexual contact." Chase v. State, 285 Ga. 693, 696 (2) (681 SE2d 116) (2009); see also Brown v. State, 268 Ga. 154, 154 (486 SE2d 178) (1997) (noting that children lack the capacity to consent to a "sexual act" directed at them). Thus, under current law, a victim under the age of 16 cannot legally consent to sexual intercourse, sexual acts, or other sexual contact, and proof that a victim was younger than age 16 at the time of an alleged offense involving sexual contact – absent any specific statutory language to the contrary – will constitute conclusive proof of the lack-of-consent element of such offense.

The offense at issue here, however – despite its denomination as "sexual" battery – does not require any sexual contact at all. Rather, as already noted, it involves non-consensual, intentional physical contact with a victim's intimate body parts. That an individual younger than 16 is legally incapable of consenting to sexual contact does not necessarily mean that such individual is legally incapable of consenting to physical contact with her intimate body parts. As Watson points out, were we to hold otherwise, the offense of sexual battery – a felony when perpetrated against victims younger than 16, see OCGA § 16-6-22.1 (d) – could include contacts commonly occurring on an athletic field or

5

school playground, contacts attendant to a physician's breast examination on a 15-year-old patient, and even the act of changing a baby's diaper. We decline to construe the sexual battery statute in a manner that would criminalize a wide range of apparently innocent conduct. See Haley v. State, 289 Ga. 515 (2) (712 SE2d 838) (2011). Instead, we construe the statute to require actual proof of the victim's lack of consent, regardless of the victim's age. Those cases that have held to the contrary are hereby overruled. See, e.g., Haynes v. State, 302 Ga. App. 296, 302, n.4 (690 SE2d 925) (2010); Carson v. State, 259 Ga. App. 21 (1) (576 SE2d 12) (2002); Strickland v. State, 223 Ga. App. 772 (1) (b) (479 SE2d 125) (1996).

Here, the trial court's jury instruction that an underage victim is not legally capable of consenting to "sexual conduct" was on its face an accurate statement of the law. However, this statement of the law regarding consent to sexual conduct did not belong in the jury instruction regarding sexual battery, because sexual battery as defined in our Code does not necessarily involve sexual conduct. Insofar as the jury instruction suggested that an underage victim is not capable of consenting to the contact constituting sexual battery, the instruction was misleading and thus erroneous. We thus also overrule those

6

cases that have sanctioned the giving of such an instruction. See, e.g., Engle v. State, 290 Ga. App. 396 (2) (659 SE2d 795) (2008); Hendrix v. State, 230 Ga. App. 604 (3) (497 SE2d 236) (1997).

Because the erroneous jury instruction here effectively relieved the State of its burden to prove an essential element of the crime of sexual battery, the instruction cannot be said to have been harmless. Accordingly, Watson's convictions for sexual battery must be reversed.

Judgment affirmed in part and reversed in part. All the Justices concur.

S15G0385.  WATSON v. THE STATE.

NAHMIAS, Justice, concurring.

I join the Court's opinion in full but note one additional point. Notwithstanding our reversal of Watson's convictions on the two sexual battery counts, when this case is returned to the trial court, the State may be entitled to retry him on those two counts, this time using the correct jury instructions.  See State v. Caffee, 291 Ga. 31, 34 (728 SE2d 171) (2012) ("The Double Jeopardy Clause precludes a second trial after a reviewing court determines that the evidence introduced at trial was insufficient to sustain the verdict.  It does not preclude the State from retrying a criminal defendant whose conviction is set aside due to trial error, such as the incorrect admission of evidence or improper instructions." (citations omitted)).  The Court's opinion does not decide whether or not the evidence presented at Watson's trial was legally sufficient for a properly instructed jury to have found him guilty beyond a reasonable doubt of the sexual battery counts, although I note that Watson's counsel conceded at oral argument before this Court that the evidence was legally sufficient and that a retrial would therefore be permissible.  Of course, even if double jeopardy is

not a bar, the State may choose not to retry Watson, particularly in light of the substantial sentence he is serving for his child molestation conviction. But it should be clear that the Court's decision today does not preclude a retrial.