**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 9, 2015**

# In the Court of Appeals of Georgia

A14A0742. WATSON v. THE STATE.

MCFADDEN, Judge.

Patrick Watson was convicted on two counts of sexual battery against his minor daughter and one count of child molestation against another victim. In our opinion in *Watson v. State*, 329 Ga. App. 334 (765 SE2d 24) (2014), we affirmed his convictions. In so doing, in Division 3 (b) of our opinion we rejected Watson's argument that the trial court erred in instructing the jury that "under Georgia law a person under the age of sixteen lacks legal capacity to consent to sexual conduct." Id. at 338-340 (3) (b). In *Watson v. State*, __ Ga. __ (__ SE2d __) (Case No. S15G0385, decided Sept. 14, 2015), the Supreme Court of Georgia reversed the judgment below on the sexual battery convictions, "hold[ing] that this particular instruction is improper when given in relation to the offense of sexual battery." Id. at __. The

Supreme Court noted that Watson's conviction on child molestation was not at issue on certiorari and did not address any of the other grounds upon which Watson had challenged his convictions.

We therefore vacate Division 3 (b) of our opinion in *Watson v. State*, supra, 329 Ga. App. 334, which addressed the propriety of the jury instruction described above, and in place of Division 3 (b) we adopt as our own the Supreme Court's opinion in *Watson v. State*, supra, __ Ga. __. Because the Supreme Court neither addressed nor considered the other portions of our earlier opinion, and those other portions are not inconsistent with the Supreme Court's own opinion, those other portions "become binding upon the return of the remittitur." *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

Accordingly, the conviction for child molestation is affirmed and the convictions for sexual battery are reversed.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ray, J., concur.*