302 Ga. 681
FINAL COPY

S17A1385. WOMAC v. THE STATE.

HUNSTEIN, Justice.

Appellant Lawrence Edward Womac appeals his convictions and sentences for aggravated sexual battery, child molestation, cruelty to children in the first degree, and false imprisonment.[1] On appeal, Womac argues, among other things, that his life sentence for aggravated sexual battery constitutes cruel

---

[1] In June 2014, a Whitfield County grand jury indicted Womac on the following thirteen charges: rape (Count 1); aggravated sodomy (Counts 2 through 4); aggravated sexual battery (Count 5); aggravated child molestation (Counts 6 through 8); child molestation (Count 9); enticing a child for indecent purposes (Count 10); cruelty to children in the first degree (Count 11); false imprisonment (Count 12); and aggravated assault (Count 13).

Following a trial conducted September 29, 2014, through October 3, 2014, the trial court granted a directed verdict of acquittal as to Count 10. The jury found Womac guilty of Counts 5, 9, 11, and 12, and acquitted him on the remaining counts. On November 4, 2014, the trial court sentenced Womac to life imprisonment on Count 5; ten years confinement on Count 12 to run concurrent with Count 5; 20 years confinement on Count 11 to run consecutive to Count 12 and concurrent with Count 5; and 19 years confinement with one year of probation on Count 9 to run consecutive to Counts 11 and 12 and concurrent with Count 5.

Womac filed a motion for new trial on December 29, 2014, which he subsequently amended on August 30, 2016. Following a hearing, the trial court denied Womac's motion on November 7, 2016. This case was docketed to the August 2017 term of this court, and oral argument was held on August 15, 2017.

and unusual punishment in violation of the Georgia Constitution. For the reasons that follow, and finding no additional error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that, on July 19, 2013, Womac invited the minor victim, K. W., and her siblings into his motel room. While watching television, Womac placed his hand down K.W.'s shorts and the tip of his finger penetrated her vagina. K. W. removed Womac's hand and then ran into the bathroom to get away from him; Womac followed. Once inside, Womac put his left hand on K. W.'s throat, his right hand on her mouth and squeezed. Womac held K. W. against the toilet to keep her from leaving, kissing her on her neck and shoulders, placing his hands on her buttocks and vaginal area. Womac licked K. W.'s vagina, stating that "he was getting it ready." Then he proceeded to place his penis in her vagina, mouth and buttocks.

After the incident, K. W. left and, eventually, reported the assault to her father and another motel resident. K. W. also disclosed another incident with Womac that had occurred a few days prior, wherein Womac grabbed K. W.

while she was walking outside, pulled her into a nearby building and made her touch his penis with her hands and mouth.

K. W. was taken to the hospital where a sexual assault examination revealed bruising and abrasions on her arm, leg, and neck, and abrasions and redness around and inside her vagina. The nurse testified that these injuries were consistent with K. W.'s description of what had occurred during the sexual assault.

Meanwhile, Womac left his motel room and later told his daughter about his plans to leave Georgia and travel to Illinois because he needed to "get away." Law enforcement subsequently searched Womac's room, and though the bedroom had animal feces, urine spots, cockroaches, food, and open containers, the bathroom appeared to have been cleaned with bleach, netting negative results to fluorescence testing for bodily fluids. Officers obtained surveillance footage from the day in question showing K. W. and her siblings entering Womac's room and K. W. later leaving by herself. The State also presented other acts evidence from two witnesses who described previous sexual assaults on minors committed by Womac.

3

1. Womac first argues that his life sentence for aggravated sexual battery[2] violates the prohibition against cruel and unusual punishment under the Georgia Constitution. According to Womac, his sentence is unconstitutional because K. W.'s lack of consent was presumed by law without the State having to prove that the criminal act of aggravated sexual battery occurred without the victim's consent, and thus aggravated sexual battery is a strict liability crime for which he received an overly harsh life sentence. Cf. Watson v. State, 297 Ga. 718 (2) (777 SE2d 677) (2015) (holding that the offense of sexual battery requires the State prove the victim's lack of consent, regardless of the victim's age, and charge the jury on the same). We disagree. In this case, unlike the jury in Watson, the jury was not instructed that a minor is legally incapable of consenting to sexual contact as it applied to aggravated sexual battery.[3] The jury

[2] Pursuant to OCGA § 16-6-22.2 (b), "[a] person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."

[3] Instead, the jury was instructed that "a person under the age of 16 is legally incapable of giving consent to *sexual intercourse*" regarding Womac's rape charge. Sexual intercourse was not an element of aggravated sexual battery and was, therefore, not included in the jury charge of that crime. Moreover, the aggravated sexual battery count listed in the indictment charged that Womac had "intentionally penetrated with a foreign object, to wit: his finger, the sexual organ of another person, to wit: [K. W.], without the consent of that person, contrary to the law of said State, the good order, peace and dignity thereof."

4

charge on aggravated sexual battery did not suggest that the element of "without consent" was established based solely upon the victim's age; thus, contrary to Womac's assertion, the aggravated sexual battery charge was not a strict liability crime as the jury was required to find that K. W. did not, in fact, consent to the penetration alleged in the indictment. Consequently, we find Womac's constitutional challenge to be without merit.

2. During its case-in-chief, the State called Womac's daughter, A. W., as an other acts witness; A. W. testified that she had been sexually abused by her father. During direct examination, the following exchange occurred:

> Q: Up until the time he was arrested last year did you have any sort of relationship with [Womac]?
> A: Yes, I did.
> Q: And why was that?
> A: I used him for marijuana.

Womac objected to this testimony and moved for a mistrial. The trial court denied the motion and instructed the jury to disregard A. W.'s statement. Womac contends that this was error. We disagree.

As a general rule,

[a] trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

(Citation and punctuation omitted.)  Graves v. State, 298 Ga. 551, 555 (783 SE2d 891) (2016).

The record shows that A. W.'s reference to marijuana was fleeting. Additionally, the trial judge promptly instructed the jury to disregard the testimony, and "[q]ualified jurors are presumed to follow the instructions of the trial court."  Sampson v. State, 282 Ga. 82, 84 (646 SE2d 60) (2007).  Finally, in light of the other evidence in this case, including the evidence of sexual assault against K. W. and that of the two other act witnesses, we cannot say that A. W.'s statement is so highly prejudicial as to be incurable by the trial court's admonition.  Accordingly, we conclude that the trial court did not abuse its discretion by refusing to grant a mistrial.

3.     Finally, Womac argues that the trial court erred in failing to merge his convictions for aggravated sexual battery (Count 5), child molestation

(Count 9), and cruelty to children in the first degree (Count 11) for sentencing purposes. We find no error.

OCGA § 16-1-7 (a) provides:

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

"Whether offenses merge is a legal question, which we review de novo." (Citation and punctuation omitted.) Regent v. State, 299 Ga. 172, 174 (787 SE2d 217) (2016). To determine whether two crimes merge, we must apply the "required evidence" test embraced in Drinkard v. Walker, 281 Ga. 211 (636 SE2d 530) (2006), which instructs that "where the same act or transaction constitutes the violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." (Citation and punctuation omitted.) Id. at 215. If so, then two offenses exist, and one is not "included in" the other. Id. See also Favors v. State, 296 Ga. 842 (5) (770 SE2d

7

855) (2015) (discussing requirements for merging offenses as a matter of law versus as a matter of fact).

Count 5 of the indictment charged Womac with aggravated sexual battery alleging that he "did intentionally penetrate with a foreign object, to wit: his finger, the sexual organ of another person, to wit: [K. W.], without the consent of that person." Count 9 of the indictment charged Womac with child molestation, alleging that he had committed an immoral and indecent act with the intent to arouse and satisfy his sexual desires by "placing his hands into contact with [K. W.'s] vaginal area and buttocks and kissing her." Finally, Count 11 charged Womac with cruelty to children in the first degree in that he "did maliciously cause [K. W.], a child under the age of eighteen (18) years, cruel and excessive mental pain by raping and sodomizing and molesting [K. W.]."

Based on the facts discussed above, Womac completed the crime of aggravated sexual battery on the bed prior to molesting and causing K. W. cruel or excessive physical or mental pain in the bathroom. Where facts show one crime was completed before the commission of a subsequent crime, the crimes

8

are separate as a matter of law, and there is no merger. Gaither v. Cannida, 258 Ga. 557, 557-558 (372 SE2d 429) (1988). Therefore, Womac's contention that the trial court erred in failing to merge the aggravated sexual battery count into the child molestation and cruelty to children counts is without merit.

Moreover, the child molestation and cruelty counts required proof of an element which the other did not. The offense of child molestation required proof that Womac placed his hands into contact with K. W.'s vaginal area and buttocks and kissed her with the intent to arouse his own sexual desires. See OCGA § 16-6-4. The cruelty to children in the first degree charge required proof that Womac maliciously caused K. W. cruel or excessive physical or mental pain. See OCGA § 16-5-70 (b). Because these crimes required proof of an element that the other did not, the trial court properly sentenced Womac.

Judgment affirmed. All the Justices concur.

Decided December 11, 2017.

Aggravated sexual battery, etc. Whitfield Superior Court. Before Judge Partain.

Michael R. McCarthy, for appellant.

Herbert M. Poston, Jr., District Attorney, Victoria K. Parker, Assistant District Attorney, for appellee.