# Court of Appeals
# of the State of Georgia

ATLANTA,  July 21, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1025. RAYMOND TURLEY v. THE STATE.**

In 2017, Raymond Turley was convicted of aggravated sexual battery and other crimes based on acts he committed against his minor stepdaughter. The sentence sheet reflects that he was sentenced to life on the aggravated sexual battery charge, to serve 35 years in confinement and the remainder on probation. Turley appealed, challenging the validity of his convictions, but we affirmed. *Turley v. State*, 347 Ga. App. XXIX (Case No. A18A1796, Sept. 6, 2018) (unpublished).

Back in the trial court, Turley filed a motion to correct a void sentence, arguing that in the absence of prior convictions, the crime of aggravated sexual battery "does not carry a life serve 35 years in confinement[.]" The trial court dismissed the motion, ruling that the time within which the court could modify Turley's sentence had expired and that he had "fail[ed] to allege anything which would cause the sentence to be considered illegal." Turley appeals.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it had here,[1] a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls

---

[1] The remittitur following Turley's direct appeal was returned to the trial court in September 2018. Turley filed his motion to correct a void sentence more than 120 days later, in November 2019.

within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Under OCGA § 16-6-22.2 (c), a person convicted of aggravated sexual battery "shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life[.]" On appeal, Turley argues that the trial court was not authorized to sentence him to a period of confinement greater than 25 years. That period, however, is the *minimum* term to which Turley could be sentenced under OCGA § 16-6-22.2 (c), not the maximum. See generally *Womac v. State*, 302 Ga. 681, 682-683 (1) (808 SE2d 709) (2017) (affirming defendant's life sentence for aggravated sexual battery). Turley's sentence fell within the statutory range of punishment and therefore is not void.

Because Turley has not raised a colorable argument that his sentence is void, the trial court's dismissal of his motion is not subject to direct appeal. See *Frazier*, 302 Ga. App. at 348. This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/21/2020__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*