**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**February 9, 2021**

# In the Court of Appeals of Georgia

A18A1198. CROFT v. THE STATE

PIPKIN, Judge.

In *Croft v. State*, 348 Ga. App. 21 (819 SE2d 550) (2018), this Court reversed Appellant Marty Croft's conviction for aggravated sexual battery after concluding that the trial court committed plain error by instructing the jury that it could presume, for the purposes of that offense, that a child under the age of 16 is incapable of consenting to sexual contact as a matter of law; we affirmed his other convictions.[1]

---

[1] Croft was also convicted of child molestation, enticing a child for indecent purposes, aggravated assault, false imprisonment, and sexual battery. We affirmed these convictions. See *Croft*, 348 Ga. App. at 29 (4). The Georgia Supreme Court denied Croft's petition for certiorari, see *Croft v. State*, S19C0404 (August 5, 2019), and, accordingly, our affirmance of these convictions remains undisturbed by the Georgia Supreme Court. See *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001); *Turner v. State*, 351 Ga. App. 600, 600-601 (831 SE2d 835) (2019).

Id at 25-27 (3). The State subsequently petitioned the Georgia Supreme Court for certiorari review. While the State's petition was pending, that court decided *Williams v. State*, 308 Ga. 228 (838 SE2d 764) (2020), which held that a presumption-of-consent instruction may not always amount to reversible error. Id. at 232-233 (2). The Georgia Supreme Court subsequently granted the State's petition for certiorari, vacated our judgment, and remanded the case for reconsideration in light of *Williams*. See *State v. Croft*, S19C0452 (March 13, 2020). Upon further consideration, we now affirm Croft's conviction for aggravated sexual battery, but we remand this matter for the trial court to correct its sentencing order.

We previously summarized the relevant facts as follows:

[I]n 2011, when the victim was 15 years old, she was visiting her uncle Croft, who lived near her and her parents, when Croft removed her shirt and pants and touched her private area. After the victim slapped him, Croft urged her not to tell anyone about the incident. On the victim's subsequent visits to his house, Croft continued to molest her, kissing her neck, breasts, stomach, and back even though she told him to stop, and [he] threatened to have her father sent to prison if she told anyone about the contact. On other occasions, Croft forced the victim to touch his penis; penetrated her vagina with his fingers; and dragged her by the wrists into a bedroom, where he touched her vaginal and rectal area with his hands and penis. On another occasion in May 2013, after the victim had turned age 17, Croft touched her private area through her clothes and tried to remove her pants, after which the victim went into the bathroom and locked the door. In January 2014, after watching a television program on child molestation, the victim made an outcry to

her mother. The victim's father then called police, who arranged for a forensic interview.

*Croft*, 348 Ga. App. at 21-22.

With respect to the offense of aggravated sexual battery, the trial court instructed the jury, in relevant part, as follows:

> Count two, a person commits the offense of aggravated sexual battery when that person intentionally penetrates with a foreign object the sexual organ of another person without consent of that person. For purposes of this law, the term foreign object means any article or instrument other than the sexual organ of a person.
>
> . . . .
>
> Now, members of the jury, as to lack of consent on the part of the alleged victim is an essential element of the crime[] . . . of aggravated sexual battery . . . . And the burden of proof is on the State to show a lack of consent on the part of the alleged female victim beyond a reasonable doubt. Consent induced by force, fear, or injury is not valid consent and will not be a defense as to any of these offenses, should you so find. *A child under the age of 16 is incapable of consenting as a matter of law.*

(Emphasis supplied.) We now revisit whether this instruction amounts to plain error requiring reversal of Croft's conviction for aggravated sexual battery. See OCGA § 17-8-58 (b); *State v. Kelly*, 290 Ga. 29, 32-33 (718 SE2d 232) (2011).

"To show plain error, [Croft] must demonstrate that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the

3

outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Hood v. State*, 303 Ga. 420, 425 (2) (a) (811 SE2d 392) (2018). "Satisfying all four prongs of this standard is difficult, as it should be." (Citation and punctuation omitted). *State v. Kelly*, 290 Ga. at 33.

"A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b). Our Supreme Court has "construe[d] the statute to require actual proof of the victim's lack of consent, regardless of the victim's age." *Watson v. State*, 297 Ga. 718, 720 (2) (777 SE2d 677) (2015). Accordingly, the trial court's instruction – which acted to relieve the State of its burden of proving lack of consent – was erroneous, see *State v. Williams*, 308 Ga. at 231-232, and there is no indication that Croft affirmatively waived this point of error. "However, our analysis does not end here. The third prong of the plain error test still requires us to determine whether the trial court's erroneous instruction likely would have affected the outcome of the proceedings such that a defendant's substantial rights were impacted." *State v. Williams*, 308 Ga. at 232. We conclude that, based on the evidence presented in this case, it is not likely that the

4

erroneous instruction affected the outcome of the proceedings such that Croft's substantial rights were impacted.

From the outset of her testimony, the victim described Croft's repeated attempts to engage her in sexual activity and her consistent protestations. During the incidents – including the act underlying the charge of aggravated sexual battery – should would tell him to stop or tell him no; she described one instance in which she slapped him. She also testified that, on a number of occasions, Croft used physical force against her but that she fought back and argued with him. Despite the erroneous instruction concerning the victim's "legal" capacity to consent, there was ample evidence here from which the jury could have concluded that the victim did not, in fact, consent to the sexual contact, including the sexual act specifically underlying the aggravated sexual assault charge. "In other words, the jury instruction error did not constitute plain error here, given the circumstances explained above; even had the jury been instructed that the State had to prove lack of consent, no rational juror could have concluded, based on the record presented at trial, that the State had failed to prove that element in this case." *State v. Williams*, 308 Ga. at 233. Accordingly, Croft's conviction for the offense of aggravated sexual battery is affirmed.

5

Finally, though we have affirmed Croft's convictions, we note that the trial court's sentencing order is incorrect. The individual sentences reflect an aggregate sentence of life imprisonment plus 20 years with 30 years to serve, but those sentences were totaled in the "sentence summary" as life imprisonment plus 40 years with 35 years to be served. Accordingly, we remand this matter for the trial court to correct its sentencing order.

*Judgment affirmed, and case remanded with directions. Miller, P. J., and Brown, J., concur*.

6