**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 7, 2024**

# In the Court of Appeals of Georgia

A24A0929. RAKESTRAW v. THE STATE.

Pɪᴘᴋɪɴ, Judge.

Emmanuel Rakestraw was charged in a 15-count indictment for numerous crimes he allegedly committed with co-defendants Earnest Sims and Shaquille Rucker. Rakestraw was tried alone[1] and, after hearing the evidence, the jury returned guilty verdicts on two counts of home invasion, three counts of burglary in the first degree, two counts of armed robbery, and two counts of aggravated assault.[2] Rakestraw was

---

[1] Initially, Rakestraw and Rucker were to be tried together but, prior to the presentation of evidence, the trial court granted Rakestraw's motion to sever the trial of his case.

[2] Prior to trial, the trial court, upon the State's motion, entered an order of nolle prosequi on five of the fifteen counts in the indictment.

sentenced to two consecutive life sentences plus 40 years; he appeals, alleging six instances of ineffective assistance of trial counsel. For the reasons that follow, we affirm.

It is well settled that, in order to establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. See *Strickland v. Washington*, 466 U. S. 668 (III) (104 SCt 2052, 80 LE2d 674) (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." (Citation omitted.) *Harrington v. Richter*, 562 U. S. 86, 104 (IV) (131 SCt 770, 178 LE2d 624) (2011). Indeed, "[t]rial tactics and strategy . . . are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *McNair v. State*, 296 Ga. 181, 184 (2) (b) (766 SE2d 45) (2014). "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). Finally, if the defendant fails to satisfy either prong of the *Strickland* test,

this Court is not required to examine the other. See *Green v. State*, 291 Ga. 579, 580 (2) (731 SE2d 359) (2012). With these principles in mind, we review Rakestraw's claims of ineffective assistance.

1. At trial, the State introduced various data records into evidence in order to establish that Rakestraw was in communication with his co-defendants prior to and after the crimes and to show his location in relation to the crime scenes. These records included the cell phone records for Rucker and Sims, Rakestraw's Google geolocation data, and Rakestraw's cell phone records. Rakestraw contends that trial counsel was ineffective for failing to object to the introduction of his cell phone records because, he argues, the affidavit attached to the records did not meet the standard for self-authenticating business records under OCGA § 24-9-902 (11). Rakestraw's claim fails, however, because he cannot show prejudice under *Strickland*. All of the data records introduced by the State showed the communications and movements of the three defendants before, during, and after the crimes. In other words, Rakestraw's cell phone records were cumulative of the other cell phone records and Google documents that were properly admitted into evidence at trial. And "the failure to object to evidence which is merely cumulative of other admissible evidence does not amount to ineffective

assistance of counsel." (Footnote and punctuation omitted.) *Ashmid v. State*, 316 Ga.App. 550, 558 (3) (b) (730 SE2d 37) (2012). Accordingly, this claim fails.

2. Prior to trial, the court granted the State's motion to dismiss five counts in the indictment against Rakestraw that involved the robbing of three local restaurants. However, during the State's case-in-chief, the prosecutor briefly presented some general evidence regarding these robberies, including descriptions of the assailants, testimony from the lead detective regarding a "similar M.O." between the crimes, and the lead detective's "suspicion" that the restaurant crimes might be related to the residential burglaries and robberies. Trial counsel did not object to the introduction of this evidence and Rakestraw contends that this failure amounted to ineffective assistance of counsel. Pretermitting whether counsel was deficient for failing to object to this testimony, Rakestraw cannot show prejudice because the jury was repeatedly told that he was not involved in those robberies and that there was no evidence tying Rakestraw to those robberies. Moreover, the trial court instructed the jury not to consider the dismissed robbery counts against Rakestraw, and "qualified jurors are presumed to follow the instructions of the trial court." (Citation and punctuation omitted.) *Womac v. State*, 302 Ga. 681, 683 (2) (808 SE2d 709) (2017). Consequently,

Rakestraw cannot show a reasonable probability of a different outcome had this brief testimony not been presented to the jury.

3. Next, Rakestraw contends that trial counsel provided ineffective assistance when, during opening statements, he informed the jury that co-defendant Sims had already pleaded guilty. When reviewing the deficient performance prong, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (III) (A).

So viewed, trial counsel testified at the hearing on Rakestraw's motion for new trial that identity was an issue in the case and that his strategy was to emphasize to the jury that "another person []had either been convicted or had pled guilty to similar robberies," in order to argue that someone other than Rakestraw had committed the crimes. Specifically, trial counsel explained that "[t]here [were] only two people involved in the robberies of the restaurants. There [were] only two people involved in the home invasions. And I was trying to create the question in the jury's mind, [that it] was . . . Mr. Sims or some party other than my client." In light of the issues of identity and the defense's theory of the case, we conclude that counsel's decision to inform the

5

jury of Sims' guilty plea was a reasonable trial strategy. See *Sims v. State*, 278 Ga. 587, 590 (3) (a) (604 SE2d 799) (2004) ("The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case") (citation and punctuation omitted). Accordingly, Rakestraw has failed to establish that counsel acted deficiently in this matter.

4. Rakestraw contends that trial counsel was ineffective for failing to object to hearsay testimony from a detective that a database showed that Rakestraw and Rucker were "associated" with the same home address. When asked why he did not object to this statement, trial counsel testified that he did not believe the statement to be objectionable, explaining:

> I didn't find any problem with it, to be honest with you. I mean, I - it appeared from the overall testimony in the case that Mr. Rucker and Mr. Rakestraw were friends. Having a same address was coincident with nothing more. I didn't think - it was just surplusage. It didn't look to me to be any evidence that was exonerating or damning.

Counsel further noted that the jury was charged on mere presence at his request. Once again, Rakestraw has failed to show that trial counsel's strategic decision not to object to this testimony was so patently unreasonable that no competent attorney would have chosen it. See *Sowell*, 327 Ga. App. at 540 (4) (a). Accordingly, Rakestraw cannot establish deficient performance and this claim fails.

5. During the defense's closing argument, trial counsel emphasized the State's last minute decision to dismiss certain counts against Rakestraw, at one point telling the jury,

> you've got to look at it and think, why would they do that and why wasn't that done a long time before so that everybody would know exactly what charges were going to be brought on what day? Ask [the prosecutor] to explain it to you. I'd like to hear it.

In response, the prosecutor acknowledged to the jury that, on the eve of trial, he realized that he did not have enough evidence to prosecute Rakestraw on a handful of the counts in the indictment. He went on to state the following:

> So I had a decision. I could try, like [trial counsel] says some prosecutors do, and try to stir the pot, throw everything in, shake it up, throw it up and see what sticks. I could have done that. In fact, I think there are some prosecutors who may.

> But, you see, I had a decision to make. And, in my training, I'm a fairly newer prosecutor. There is actually a prosecution school that I was at not that long ago. And they hammer, hammer two rules into you, two rules to live and die by as a prosecutor. It's these: Do the right thing and follow the evidence. Do the right thing and follow the evidence. It's not my job just to seek convictions. It's my job to follow the evidence and do the right things.

> So I had a decision to make on the morning of trial whether I still wanted to go forward with this. And, as embarrassing as it was for me, I made the decision, hey, I don't think I got the evidence on these charges for Rakestraw. The evidence for the other ones, we have. But on these ones, I'm not going to stir the pot. It's not the right thing to do. So as

embarrassing as it was, the Judge says, are you ready? And I say, hey, Judge, I've got a dismissal on these charges.

Rakestraw contends that trial counsel was ineffective for failing to object to this portion of the prosecutor's closing argument. However, a prosecutor is allowed "to respond to points made in—and issues omitted from—the defendant's closing argument." (Citation omitted.) *Lanham v. State*, 345 Ga. App. 657, 664 (1) (d) (813 SE2d 184) (2018). Here, the record shows that the prosecutor was responding to a specific argument made by defense counsel during his closing argument. Because the prosecutor's remarks were not improper, trial counsel cannot be deficient for failing to object to the same. Id. See also *Walker v. State*, 306 Ga. 637, 645 (2) (b) (832 SE2d 783) ("[T]he failure to make a meritless objection is not deficient performance.").

6. Finally, Rakestraw contends that trial counsel was ineffective for failing to object to the State's recitation of his criminal history as evidence in aggravation of sentencing. At the start of the sentencing hearing, the trial court asked if the State had any evidence they wished to present in aggravation of punishment. Among other things, the State informed the trial court that Rakestraw had a criminal history, including: a 2018 conviction for felony theft by receiving stolen property; a 2015 misdemeanor conviction for marijuana possession and driving with a suspended license; a 2014

8

conviction for possession of cocaine and underage alcohol possession; a 2012 First Offender conviction for burglary in the second degree and vandalism of a place of worship; and a 2010 misdemeanor conviction for family violence battery. Trial counsel did not object to the prosecutor's recitation of Rakestraw's criminal history.

At the motion for new trial hearing, Rakestraw asked trial counsel why he did not object to the prosecutor's statements, and trial counsel explained as follows:

> The only thing I remember in the sentencing phase was the Judge asking if my client was a recidivist. And so I was still thinking about that and how the sentencing hearing was going. And with the conviction on the five counts of home invasion, I didn't care if he was an Eagle Scout or a - or a masked burglar. It really wasn't going to matter. So I didn't get concerned about the defendant's history based on the seriousness of the crimes he'd just been convicted for.
>
> And I didn't know of anything major in his background, and don't know today, of anything that I felt was going to be damning to him. I mean, it wasn't like he had four or five other similar crimes before this. I remember him having some - some charges, but they were . . . just not - did not rise to the level [that] I thought it was going to [have an] impact on the Judge's sentencing based on that versus the fact that he was convicted of the five counts of home invasion.

Rakestraw argues that trial counsel should have objected to this presentation of evidence in aggravation because the State failed to present certified copies of the convictions, violating the best evidence rule, and because the State failed to show that Rakestraw was represented by counsel when he was sentenced on these prior crimes. However, we

cannot say that this is enough to overcome the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." (Citation and punctuation omitted.) *Harrington*, 562 U. S. at 104 (IV). "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel." (Citation omitted.) *McKenzie v. State*, 284 Ga. 342, 348 (4) (c) (667 SE2d 43) (2008). Moreover, Rakestraw has put forth no evidence that, had counsel objected, he would have received a more lenient sentence. Based on the foregoing, Rakestraw has failed to show either deficient performance or prejudice,[3] and this claim fails.

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur.*

---

[3] In his brief, Rakestraw generally raises the issue of cumulative prejudice, however, he has put forth no substantive argument or analysis on this issue "and because no such cumulative prejudice is apparent to us on this record, this claim fails." (Citation and punctuation omitted.) *Williams v. State*, 316 Ga. 304, 321 (6) (888 SE2d 60) (2023).